COMMONWEALTH of Pennsylvania,
Appellee,

v.

Robert POWELL, Appellant.

Commonwealth of Pennsylvania,
Appellee,

v.

Paul L. Powell, Appellant.

Superior Court of Pennsylvania.

Submitted Aug. 27, 2001.

Filed Dec. 4, 2001.

Robert Powell, appellant, pro se.

Paul L. Powell, appellant, pro se.

Scott C. Gartley, Assistant District Attorney, Wilkes-Barre, for Com., appellee.

Before DEL SOLE, President Judge, CAVANAUGH, J. and CERCONE, President Judge Emeritus.

DEL SOLE, President Judge.

¶ 1 Appellants/brothers Robert and Paul Powell appeal *pro se* from the Orders entered March 16, 2000, in the Luzerne County Court of Common Pleas denying their petitions for collateral relief brought pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541 *et seq.* Because we conclude that Appellants have not been afforded their right to counsel under Pennsylvania Rule of Criminal Procedure 904 (formerly Pa.R.Crim.P. 1504), we remand for the appointment of counsel.[1]

¶ 2 The facts underlying Appellants' 1991 convictions of first degree murder and conspiracy are clearly set forth in this Court's memorandum decision following Appellants' consolidated direct appeal. *Commonwealth v. Powell,* 3257 Philadelphia 1993 (Pa.Super.1995). On May 20, 1993, Appellants were sentenced to life imprisonment. Both sentences were affirmed by this Court on direct appeal, and the Supreme Court denied Appellants' petition for allocatur. In December 1996 and January 1997, Appellants filed *pro se*

PCRA petitions, and separate counsel was promptly appointed for each petitioner. A hearing was held on October 1, 1997, but was continued so that counsel could procure additional transcripts. On July 9, 1998, Appellants petitioned for substitute counsel, contending that their appointed attorneys refused to respond to their inquiries about the status of their petitions and failed to file amended PCRA petitions on their behalf. The PCRA court denied Appellants' petitions by Order dated July 27, 1998. On August 8, 1998, Appellants moved to proceed *pro se.* Following a September 9, 1998, hearing, the court granted Appellants' request and permitted their appointed attorneys to withdraw from their cases. The court also granted Appellants leave to amend their original PCRA petitions. They did so the following month, and, in addition, petitioned for the appointment of Samuel Stretton, Esq. as their PCRA attorney. This petition too was denied by the PCRA court. Finally, on March 2, 1999, Appellants once again petitioned for the appointment of counsel, or, alternatively, an evidentiary hearing. Although this petition was never specifically addressed by the court, it was denied *sub silentio* when the court denied and dismissed Appellants' amended PCRA petitions by Orders dated March 16, 2000. These timely appeals followed.[2]

■ ¶ 3 Appellants raise fourteen issues for our review in their *pro se* brief. However, they do so without the assistance of

---

1. The appeals have been consolidated for disposition.

2. The March 16, 2000 Orders, from which Appellants appeal, dismiss only their amended PCRA petitions. Indeed, after appealing to this Court, Appellant Robert Powell filed a "Waiver of Rights" in the Common Pleas Court on May 1, 2000, abandoning his right to appeal the March 16 Order so that the PCRA court could consider his original PCRA petition. Appellants and the Commonwealth

contend that on September 1, 2000, the trial court entered an order to clarify that it had denied and dismissed both Appellants' original and amended petitions. Although there is a docket entry of a court order entered on that date, neither of Appellants' certified records contain a copy of the September 1 Order. However, because of our disposition of this appeal, we need not determine now whether Appellants' appeals of the March 16 Orders renders the court's September 1 Orders moot.

counsel guaranteed for indigent first-time petitioners under Pa.R.Crim.P. 904(A). Although Appellants do not specifically request the appointment of counsel in their brief, they do raise the issue in their last argument concerning PCRA counsels' ineffectiveness. *See* Appellants' Brief at 46 ("Defendants were forced to request pro se status so that their issues would be heard."). Accordingly, before addressing the issues raised in Appellants' brief, we must first consider whether a remand for the appointment of counsel is necessary. *See Commonwealth v. Guthrie*, 749 A.2d 502 (Pa.Super.2000) (remanding PCRA appeal for the appointment of counsel despite apparent untimeliness of petition).

■ ¶ 4 Pennsylvania Rule of Criminal Procedure 904(A) mandates that a judge must appoint counsel for an indigent defendant to represent the defendant on his first petition for post conviction collateral relief. "The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims, even where those claims were previously addressed on direct appeal, so long as the petition in question is his first." *Commonwealth v. Hampton*, 718 A.2d 1250, 1253 (Pa.Super.1998). Moreover, once counsel is appointed, he must take affirmative steps to discharge his duties. *Id.*

> When appointed, counsel's duty is to either (1) amend the petitioner's pro se petition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of *Finley*.[3] If appointed counsel fails to take either of these steps, our courts have not hesitated to find that the petition was "effectively uncounseled."

*Commonwealth v. Priovolos*, 746 A.2d 621, 625 (Pa.Super.2000), *appeal denied*, 563 Pa. 643, 758 A.2d 1198 (2000) (citations omitted).

¶ 5 In the present case, counsel was promptly appointed in December 1996 and January 1997, after Appellants filed their *pro se* PCRA petitions. However, during the ensuing year and a half, counsel failed to either amend Appellants' petitions or seek to withdraw pursuant to *Finley*. At the September 9, 1998, PCRA hearing, Appellant Paul Powell testified that he and his brother had specifically requested that their attorneys amend the *pro se* petitions, but that they failed to do so. N.T., 9/9/98, at 16. The court read into testimony a letter sent to Paul by his attorney in July 1998, which explained that some of the delay was due to a search for transcripts that did not exist. *Id.* at 8–9. Moreover, counsel indicated that he and Robert's attorney had submitted amendments to the district attorney's office in September of 1997. *Id.* at 9–10. These amendments, however, were never filed with the court; indeed, they do not appear in the certified record. Moreover, in their Petition for Appointment of Substitute Counsel, Appellants claim that, on two occasions, they had informed the court of counsels' failure to respond to their inquiries, and that the court assured them that it would address the matter with counsel. *See* Petition for Appointment of Substitute Counsel at ¶ 6(a), (b).[4] Therefore, based on the limited record before us concerning counsels' actions, we conclude that Appellants should have been granted substitute counsel.

■ ¶ 6 However, we note that despite the mandate in Rule 904, a defendant

---

**3.** *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988).

**4.** Our efforts to procure a transcript from these two proceedings were unsuccessful.

The only record of these two hearings, on July 16, 1997, and August 19, 1997, is a note from the court that the PCRA hearing scheduled for each day was continued. Apparently, the proceedings were not transcribed.

still retains the right to waive the appointment of counsel and proceed *pro se*. *Commonwealth v. Brady*, 741 A.2d 758, 762 (Pa.Super.1999); *see also* Pa.R.Crim.P. 121(A) (formerly Rule 318). "When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one." *Commonwealth v. Grazier*, 552 Pa. 9, 713 A.2d 81, 82 (1998). In *Commonwealth v. Meehan*, 427 Pa.Super. 261, 628 A.2d 1151 (1993), *appeal denied*, 538 Pa. 667, 649 A.2d 670 (1994), this Court found that the extensive on-the-record inquiry set forth in the Comment to Rule 121 "was designed to apply to trial proceedings rather than post-conviction hearings." *Id.* at 1157. Thus, we concluded that several of the questions listed there are not pertinent at the post conviction stage in the proceedings. *Id.* Accordingly, we held that when a petitioner seeks to waive counsel in a PCRA proceeding, the court should inquire whether the defendant understands:

> (1) his right to be represented by counsel; (2) that if he waives this right, he will still be bound by all normal procedural rules; and (3) that many rights and potential claims may be permanently lost if not timely asserted.

*Id.*

¶ 7 In the present case, when the PCRA court denied Appellants' petition for substitute counsel, they requested to proceed *pro se*. This request was the subject of the September 9, 1998, hearing. Appellants testified that, due to counsel's failure to amend their *pro se* petitions or respond to their inquiries, "[a]t this point, we believe the only alternative we have is to proceed

pro se to protect our rights and preserve our issues for review." N.T., 9/1/98, at 19. The court attempted to explain to Appellants the ramifications of proceeding *pro se:*

> When you go pro se, that means you, yourself, must handle your case. You must get the witnesses and whomever you need. You must know how to proceed in court. That doesn't mean you're going to know how, but you have to do it. And if you don't know how to do it, you may waive your rights.

*Id.* at 24. Although Appellants indicated that they understood, they asked the court if counsel could be appointed after they filed their *pro se* amended petitions. *Id.* at 25. The judge explained that he could not allow them to amend their petitions *pro se*, and then appoint counsel who might be forced to litigate issues he believes are meritless. *Id.* at 25–26. Appellants then requested to speak with appointed counsel in private, after which they announced that they wished to proceed *pro se*. (*Id.* at 27–28).

¶ 8 Although it appears that the PCRA court minimally complied with the mandates of *Meehan*, we cannot agree that Appellants voluntarily waived their rights. Rather, when counsel failed either to file an amended petition or to withdraw, and the court refused to appoint substitute counsel, Appellants believed they had no choice but to proceed *pro se* so that the numerous issues they believed to be meritorious would be preserved for judicial review. Indeed, there has never been any declaration by counsel that the issues Appellants wish to raise are, in fact, meritless, or any explanation of their failure to file amended petitions on Appellants' behalf.[5]

---

5. We note that Appellants' original PCRA petitions were, unfortunately, typical of *pro se* filings. Each filed a separate brief-type document arguing the issues he wished to raise.

Robert raised nine discernible allegations of error over his 18–page petition, while Paul seemingly raised ten claims in his 12 ½–page document. Clearly, counseled amended peti-

¶ 9 Thus, in an abundance of caution, we remand these appeals for the appointment of counsel.

¶ 10 Orders vacated. Cases remanded. Court is instructed to appoint counsel within 30 days. Jurisdiction relinquished.

tions would have aided the PCRA court's re-         view.