J-S62034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HAKIM ABDUL WAKEEL | |
| Appellant | No. 3449 EDA 2013 |

Appeal from the PCRA Order November 12, 2013
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0003579-2008

BEFORE: ALLEN, J., OLSON, J., and OTT, J.

MEMORANDUM BY OTT, J.: **FILED APRIL 14, 2015**

Hakim Abdul Wakeel appeals from the order entered in the Northampton County Court of Common Pleas, dated November 12, 2013, dismissing his first petition filed under the Post-Conviction Relief Act ("PCRA").[1] Wakeel seeks relief from the amended judgment of sentence of an aggregate 315 to 846 months' imprisonment imposed on February 23, 2011, following his jury conviction of four counts of robbery, two counts of aggravated assault, one count of burglary, one count each of conspiracy to commit aggravated assault, robbery, and burglary, four counts of recklessly endangering another person, four counts of unlawful restraint, five counts of

---

[1] 42 Pa.C.S. §§ 9541-9546.

terroristic threats, and two counts of simple assault.[2] On appeal, Wakeel argues the PCRA court erred by refusing to allow him to dismiss his court-appointed counsel, which prevented him from properly preserving and arguing his **Brady**[3] claim. Based on the following, we are constrained to reverse and remand for further proceedings.

The facts underlying Wakeel's convictions are well known to the parties, and have been fully discussed in our decision in connection with Wakeel's direct appeal. **See Commonwealth v. Wakeel**, 47 A.3d 1260 [1205 EDA 2011] (Pa. Super. 2012) (unpublished memorandum at 1-3). Therefore, we need only state that Wakeel's convictions arose out of a robbery and burglary that he committed on July 26, 2007, together with two co-conspirators.

On May 18, 2009, a jury convicted Wakeel of 25 criminal counts, as mentioned above. On June 12, 2009, the trial court originally sentenced him to an aggregate term of 336 to 888 months' imprisonment. Wakeel filed a direct appeal. On December 14, 2010, a panel of this Court reversed the judgment of sentence and remanded the matter for resentencing. **See Commonwealth v. Wakeel**, 23 A.3d 579 [2179 EDA 2009] (Pa. Super.

_____

[2] 18 Pa.C.S. §§ 3701(a)(1)(i), 2702(a)(4), 3502(a), 903(a)(1), 2705, 2902(a)(1), 2706(a)(1), and 2701(a)(3), respectively.

[3] **Brady v. Maryland**, 373 U.S. 83 (1963).

2010) (unpublished memorandum).[4]  On February 23, 2011, Wakeel was resentenced to an aggregate term of 315 to 846 months' incarceration.  He filed a second direct appeal,[5] and a panel of this Court affirmed the judgment of sentence on March 30, 2012.  **See Wakeel**, **supra**, 47 A.3d 1260.

On April 10, 2013, Wakeel filed a timely *pro se* PCRA petition.  Counsel was appointed to represent him.  Nevertheless, Wakeel filed an amended *pro se* PCRA petition on May 23, 2013.  Counsel filed a "Comprehensive Description of Issues Raised Pursuant to Post-Conviction Relief Act, Title 42 Pa.C.S.A. §9541 et seq. and Pennsylvania Rules of Criminal Procedure, Rule 905" and a brief in support of Wakeel's claims on July 3, 2013, and October 9, 2013, respectively.  A PCRA evidentiary hearing was held on September 24, 2013.

Thereafter, Wakeel filed a motion requesting counsel be dismissed and that he be allowed to proceed *pro se* and file his own brief.[6]  PCRA counsel

---

[4]  The panel determined that because the charges were based on a single criminal episode, Wakeel's convictions for terroristic threats and simple assault merged into his robbery convictions for sentencing purposes.  **See Wakeel**, **supra**, 23 A.3d 579.

[5]  In that appeal, Wakeel raised legality of sentence, discretionary aspects of sentencing, sufficiency, weight, and suppression claims.

[6]  In that motion, Wakeel alleged PCRA counsel's ineffectiveness with respect to a **Brady** violation.  **See** Motion to "Go Pro Se of Filing My P.C.R.A. Evidentiary Hearing Brief," 10/3/2013, at 1.

also filed a petition to withdraw on October 23, 2013. On November 8, 2013, a "motion to dismiss" counsel hearing was conducted. That same day, the PCRA court granted counsel's petition to withdraw, per Wakeel's request, but denied Wakeel's request to file a *pro se* brief. Four days later, the court entered an order and opinion, denying Wakeel's PCRA petition. Wakeel filed a timely *pro se* notice of appeal.[7]

In his sole issue on appeal, Wakeel claims the PCRA court erred by refusing to allow him to represent himself, which prevented him from properly raising an allegedly valid **Brady** claim. Wakeel's Brief at 12.

Specifically, he states:

[T]he crux of [his] collateral attack on his conviction was the nature of the lenient treatment [his co-defendant] received after he testified against [Wakeel]. When PCRA counsel failed to elicit any testimony from trial/appellate counsel about this crucial subject, and then when PCRA counsel failed to introduce even the sentencing notes from [his co-defendant's] sentencing, [Wakeel] was understandably concerned that his rights were not being protected. This became all the more evident immediately after PCRA counsel filed an inadequate brief.

*Id.* Wakeel avers he contacted the PCRA court several times, "begging" to be allowed to represent himself and that PCRA counsel's brief be withdrawn. *Id.* at 13. He argues the court erred by refusing his request, and "the

---

[7] On December 16, 2013, the PCRA court ordered Wakeel to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Wakeel filed a concise statement on January 6, 2014. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on January 9, 2014, relying on its November 12, 2013, opinion. During this time, Wakeel also retained private counsel, who filed the appellate brief.

consequences were devastating" because the court found his **Brady** claim to be waived for failure to raise the issue in the context of an ineffective assistance of prior counsel claim. **Id.**[8] However, before we may continue with the analysis of this claim, we must address Wakeel's request to proceed *pro se* and the November 8, 2013, "motion to dismiss" counsel hearing.

"Pursuant to the rules of criminal procedure and interpretive case law, a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process." **Commonwealth v. Robinson**, 970 A.2d 455, 457 (Pa. Super. 2009) (citations omitted); **see also** Pa.R.Crim.P. 904(C). In **Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998), the Pennsylvania Supreme Court held: "When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one."[9] In **Robinson**, a panel

_____

[8] Moreover, Wakeel contends the court also erred in finding his underlying **Brady** claim meritless. **Id.** at 14. He states the court's finding that there was no agreement in place between his co-defendant and the Commonwealth in exchange for testimony was belied by the record and contrary to precedent set forth in **Commonwealth v. Strong**, 761 A.2d 1167 (Pa. 2000). **Id.**

[9] We note we may address this issue *sua sponte*. **See Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011) ("[W]e acknowledge that [the petitioner] did not argue that he was entitled to counsel, or in any way challenge his waiver of that right, on appeal to this Court. That fact, however, does not prevent us from *sua sponte* addressing this issue and remanding his case.")

of this Court set forth the requirements necessary to ensure a petitioner properly waives his right to counsel during a *Grazier* hearing:

While the right to legal representation in the PCRA context is not constitutionally derived, the importance of that right cannot be diminished merely due to its rule-based derivation. In the post-conviction setting, the defendant normally is seeking redress for trial counsel's errors and omissions. Given the current time constraints of 42 Pa.C.S. § 9545, a defendant's first PCRA petition, where the rule-based right to counsel unconditionally attaches, may well be the defendant's sole opportunity to seek redress for such errors and omissions. Without the input of an attorney, important rights and defenses may be forever lost.

In **Commonwealth v. Meehan**, 427 Pa. Super. 261, 628 A.2d 1151 (Pa. Super. 1993), which was specifically cited with approval in our Supreme Court's pronouncement in **Grazier**, we addressed whether the defendant had validly waived his rule-based right to counsel for purposes of a PCRA hearing. The defendant therein complained that he did not actually waive his right to counsel because the waiver colloquy was inadequate in that it did not conform to the requirements of Pa.R.Crim.P. 121, formerly Pa.R.Crim.P. 318, waiver of counsel.

That rule indicates that if a defendant seeks to waive his right to counsel, six areas of inquiry must be explored and explained to the defendant to "ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent[.]" Pa.R.Crim.P. 121(A)(2). In **Meehan**, we noted that some of the precepts regarding waiver of counsel in the trial setting were inapplicable in the PCRA area. We did hold, however, that if a post-conviction waiver of counsel is requested by the defendant, the PCRA court must ascertain that "the defendant understands: (1) his right to be represented by counsel; (2) that if he waived this right, he will still be bound by all normal procedural rules; and (3) that many rights and potential claims may be permanently lost if not timely asserted." ***Id.*** at 1157; **see also Commonwealth v. Powell**, 2001 PA Super 342, 787 A.2d 1017, 1019 (Pa. Super. 2001). While we concluded that the colloquy conducted therein was sufficient, that case clearly indicates four of the six areas of inquiry contained in Rule 121 apply in the PCRA context.

Pa.R.Crim.P. Rule 121(A)(2) provides:

(2) To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge or issuing authority, at a minimum, shall elicit the following information from the defendant:

(a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;

(b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;

(c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;

(d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;

(e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

(f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Subsections (b) and (c) are not relevant in the PCRA setting; however, the remainder of concepts examined in Rule 121 clearly impact on whether a defendant understands the full import of his decision to act as his own counsel. Therefore, in accordance with **Meehan** and as required by [**Commonwealth v.**] **Davido**, [868 A.2d 431 (Pa. 2005) (finding that it is up to

- 7 -

the trial court to ensure that a proper colloquy is performed where a defendant has invoked his right to self-representation),] we conclude that if a PCRA defendant indicates a desire to represent himself, it is incumbent upon the PCRA court to elicit information from the defendant that he understands the items outlined in Pa.R.Crim.P. 121(A)(2)(a), (d), (e), and (f). A court must explain to a defendant that he has the right to counsel, in accordance with (a), that he is bound by the rules as outlined in (d), and that he may lose rights, as indicated in (f). Subsection (e) must be appropriately tailored so that a defendant is informed that "there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised [in a PCRA petition], they may be lost permanently."

*Robinson*, 970 A.2d at 458-460.

Turning to the present matter, a review of the November 8, 2013, "motion to dismiss" counsel hearing reveals the PCRA court's inquiry was not properly in accordance with *Grazier*, and with respect to the items set forth in Rule 121(A)(2), to ensure that Wakeel's decision to proceed *pro se* was made in knowing, voluntary, and intelligent manner. *See* N.T., 11/8/2013, at 2-6.

Furthermore, this omission is augmented by the fact that at the hearing, while granting him permission to proceed *pro se*, the court denied Wakeel's request to file a *pro se* brief to raise the claim of PCRA counsel's ineffectiveness regarding the *Brady* argument. Moreover, the court waited only four days after granting Wakeel *pro se* status to then deny his request for PCRA relief. It is well-settled that "a PCRA petitioner cannot assert claims of PCRA counsel ineffectiveness for the first time on appeal."

***Commonwealth v. Henkel***, 90 A.3d 16, 28 (Pa. Super. 2014).[10]

Therefore, the only proper way for Wakeel to preserve his claim of PCRA counsel's ineffectiveness was by filing a PCRA pleading. In the court's November 8, 2013, order, it prevented Wakeel from doing so. Accordingly, the court erred in precluding Wakeel from filing an amended PCRA petition.[11]

Consequently, we are constrained to reverse the PCRA court's November 12, 2013, order denying Wakeel's PCRA petition. We remand with instructions to the PCRA court to conduct a proper ***Grazier*** hearing, and to allow Wakeel permission to file an amended PCRA petition, either *pro se* or with the assistance of privately retained counsel, so that Wakeel may properly preserve his claim of appointed PCRA counsel's ineffectiveness. If Wakeel chooses to retain his private PCRA counsel, we also direct counsel to enter an appearance with the PCRA court. Because the remand may change the content and character of this appeal substantially, we relinquish jurisdiction.

Order reversed. Case remanded. Jurisdiction relinquished.

---

[10] ***See also Commonwealth v. Rigg***, 84 A.3d 1080, 1085 (Pa. Super. 2014) (finding a petitioner cannot raise ineffective assistance of PCRA counsel for first time in Pa.R.A.P. 1925(b) statement).

[11] While Wakeel requested that he be able to file his own brief, we can infer, based on his *pro se* status, that he actually meant an amended petition.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/14/2015</u>