J. S62026/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| CURTIS TODD FOOSE | : | |
| | : | |
| APPELLANT | : | No. 72 MDA 2016 |

Appeal from the PCRA Order December 14, 2015
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0001822-2009

BEFORE: GANTMAN, P.J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 22, 2016**

Appellant, Curtis Todd Foose, appeals from the Order entered in the Schuylkill County Court of Common Pleas on December 14, 2015, dismissing his first Petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, without an evidentiary hearing.  After careful review, we are constrained to vacate the December 14, 2015 Order and remand this matter.

A detailed recitation of the facts is not necessary to our disposition. Briefly, on September 17, 2010, Appellant entered a guilty plea to a charge of Third Degree Murder in connection with the beating death of victim Andrew Locascio.  On November 5, 2010, the trial court sentenced Appellant to a sentence of 47 ½ years' to 95 years' incarceration.

Appellant filed an untimely appeal from his Judgment of Sentence on January 13, 2011, which this Court quashed on September 20, 2011. Appellant filed a PCRA Petition on November 29, 2011. The PCRA court denied the Petition, and Appellant appealed to this Court on June 1, 2012. Following this Court's review, Appellant's direct appeal rights were reinstated *nunc pro tunc*. **See Commonwealth v. Foose**, No. 1013 MDA 2012 (unpublished memorandum) (Pa. Super. filed December 24, 2012).

Appellant appealed from his Judgment of Sentence anew, and this Court affirmed. **See Commonwealth v. Foose**, No. 787 MDA 2013 (unpublished memorandum) (Pa. Super. filed November 7, 2013). The Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal on May 30, 2014. **See Commonwealth v. Foose**, No. 929 MAL 2013 (Pa. filed May, 30, 2014). Appellant's Judgment of Sentence became final, therefore, on August 28, 2014. **See** U.S.Sup.Ct.R. 13; **Commonwealth v. Owens**, 718 A.2d 330, 331 (Pa. Super. 1998) (explaining that Judgment of Sentence becomes final 90 days after denial of Petition for *Allocatur*).

Appellant filed the instant *pro se* PCRA petition on July 1, 2015. The trial court appointed Julie A. Werdt, Esquire as counsel, and granted Appellant's *In Forma Pauperis* Petition on August 20, 2015. On August 28, 2015, the Commonwealth filed a Response to Petition for Post Conviction Collateral Relief.

On November 3, 2015, Appellant sent a hand-written letter to the Schuylkill County Clerk of Courts in which he stated that, "I am writing because I want to know if I have any representation at all because the one that you gave to represent me[,] Julie A. Werdt, Esquire[,] only wrote me two time[s] and after that 'no response'. . . still 'no contact' from this attorney." Letter, 11/3/15. The docket reflects that the court forwarded this letter to Appellant's counsel and the Commonwealth pursuant to Pa.R.Crim.P. 576.

On November 27, 2015, the PCRA court entered a Notice of Intent to Dismiss Appellant's PCRA Petition without a Hearing pursuant to Pa.R.Crim.P. 907.

On December 3, 2015, Appellant sent the Schuylkill County Clerk of Courts a second letter in which he reiterated that his appointed counsel had not responded to any of his letters and noted that he "would like to have her taken off [his] case[.]" Letter, 12/3/15. The court also forwarded this letter to Appellant's counsel and the Commonwealth.

On December 14, 2015, the PCRA court dismissed Appellant's PCRA Petition without a hearing. Appellant's counsel filed a Notice of Appeal from the December 14, 2015 Order on January 13, 2016. Appellant also filed a *pro se* "*Nunc Pro Tunc* Notice of Appeal" on January 29, 2015. Appellant's counsel filed a timely Pa.R.A.P. 1925 Statement in accordance with the PCRA court's January 14, 2016 Order.

Defendants have a general rule-based right to the assistance of counsel for their first PCRA petition.[1] Pa.R.Crim.P. 904(C); **accord Commonwealth v. Robinson**, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*) (stating, "a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process[]"). "The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims, even where those claims were previously addressed on direct appeal, so long as the petition in question is his first." **Commonwealth v. Powell**, 787 A.2d 1017, 1019 (Pa. Super. 2001) (citation omitted). "Moreover, once counsel is appointed, he [or she] must take affirmative steps to discharge his [or her] duties." **Id.**

When appointed, counsel's duty is to either (1) amend the petitioner's *pro se* petition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of **Turner/Finley**.[2] "If appointed counsel fails to take either of these steps, our courts have not hesitated to find that the petition was effectively uncounseled." **Powell**, 787 A.2d at 1019 (citation omitted).

---

[1] Although this was technically Appellant's second PCRA Petition, because the PCRA court granted Appellant's first Petition and reinstated his direct appeal rights *nunc pro tunc*, this Petition is considered his first for purposes of timeliness under the PCRA. **See Commonwealth v. Karanicolas**, 836 A.2d 940, 942 (Pa. Super. 2003).

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Our review of the record indicates that Appellant's appointed counsel neither filed an amended PCRA Petition on Appellant's behalf nor certified that Appellant's claims lacked merit and sought leave to withdraw as counsel by filing a *Turner*/*Finley* letter.  Moreover, Appellant did not file a request with the trial court to proceed *pro se*, and the PCRA court did not hold a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998). We conclude, therefore, that Appellant was effectively denied his right to assistance of counsel.  Accordingly, although recognizing that Appellant's counsel did advocate on Appellant's behalf by filing a Notice of Appeal, Rule 1925(b) Statement, and Appellate Brief, out of an abundance of caution we remand for the appointment of substitute counsel who is directed to file an amended PCRA Petition or a *Turner/Finley* letter.  *See Powell*, 787 A.2d at 1021.

Order vacated.  Case remanded.  The PCRA Court is instructed to appoint counsel within 30 days.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/22/2016

- 5 -