J. S62020/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHESTER A. LATCHFORD, JR., | : | |
| | : | |
| Appellant | : | No. 1580 MDA 2015 |

Appeal from the PCRA Order August 31, 2015
In the Court of Common Pleas of Cumberland County
Criminal Division at No.: CP-21-CR-0000006-2010

BEFORE: GANTMAN, P.J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 28, 2016**

Appellant, Chester A. Latchford, Jr., appeals from the Order entered in the Cumberland County Court of Common Pleas dismissing his first Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely. Additionally, Appellant's counsel, Linda S. Hollinger, Esquire ("Attorney Hollinger"), has filed a Petition to Withdraw and an accompanying no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). After careful review, we are constrained to vacate the PCRA court's Order and remand for further proceedings.

On November 4, 2010, Appellant entered a negotiated guilty plea to one count of Aggravated Indecent Assault.[1]  On March 8, 2011, the trial court imposed the negotiated sentence of 5 to 10 years' incarceration. Appellant did not file a direct appeal.  His Judgment of Sentence, therefore, became final on April 7, 2011.  **See** 42 Pa.C.S. § 9545(b)(3).

Appellant filed the instant *pro se* PCRA Petition, his first, on July 29, 2015.  Appellant claimed that his sentence is excessive and illegal.  The PCRA court did not appoint counsel, and the PCRA court did not conduct a **Grazier**[2] hearing to determine whether Appellant desired to represent himself *pro se*.

On August 6, 2015, the PCRA court issued a Pa.R.Crim.P. 907 Notice advising Appellant of its intent to dismiss his Petition, noting Appellant did not receive a mandatory minimum sentence and concluding it lacked jurisdiction to consider Appellant's underlying claim because the Petition was untimely and Appellant failed to plead and prove a timeliness exception. Appellant filed a *pro se* Response on August 20, 2015.

On August 31, 2015, the PCRA court dismissed Appellant's Petition without a hearing.  Appellant filed a *pro se* Notice of Appeal on September 11, 2015.  Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

---

[1] 18 Pa.C.S. § 3125.

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

On October 28, 2015, this Court remanded this matter to determine whether Appellant desired appointed counsel on appeal or desired to waive this right pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988). On remand, the PCRA court appointed Attorney Hollinger following a **Grazier** hearing to represent Appellant on appeal. Attorney Hollinger did not file an Amended PCRA Petition or a **Turner/Finley** letter with the PCRA court. The PCRA court conducted no further proceedings.

On May 27, 2016, Attorney Hollinger filed with this Court a Petition to Withdraw, and an accompanying **Turner**/**Finley** no-merit letter, asserting that there were no non-frivolous issues to be raised on appeal. Appellant did not respond to Attorney Hollinger's Petition to Withdraw as Counsel.

"Pennsylvania Rule of Criminal Procedure 904(A) mandates that a judge must appoint counsel for an indigent defendant to represent the defendant on his first petition for post conviction collateral relief." **Commonwealth v. Powell**, 787 A.2d 1017, 1019 (Pa. Super. 2001). The rules of criminal procedure and our case law require the PCRA court to conduct a full colloquy prior to allowing an appellant to proceed *pro se*. **See** Pa.R.Crim.P. 121(A); **Grazier, supra; Commonwealth v. Robinson**, 970 A.2d 455, 460 (Pa. Super. 2009) (*en banc*) (stating that "a colloquy [under Pa.R.Crim.P. 121(A)] must be held by the PCRA court of its own accord . . . once the defendant has expressed a desire to proceed *pro se* as long as

PCRA counsel has not properly withdrawn by complying with the dictates of *Turner/Finley*.").

Here, Appellant was not represented by counsel when he filed his first PCRA Petition. The PCRA court did not subsequently appoint counsel, as required, and did not conduct a *Grazier* hearing before dismissing Appellant's *pro se* PCRA Petition without an evidentiary hearing. Although the PCRA court appointed counsel to represent Appellant in his appeal pursuant to this Court's October 28, 2015 remand, the court should have appointed counsel immediately after receiving Appellant's first PCRA Petition. Pa.R.Crim.P. 904; *Powell*, *supra*. *See also Commonwealth v. Tedford*, 781 A.2d 1167, 1171 (Pa. 2001) (holding that "where an appellant files his first PCRA Petition without the assistance of counsel, the appellant shall be permitted to file an amended PCRA Petition with the assistance of counsel.").

For the foregoing reason, we vacate the PCRA court's Order denying PCRA relief and remand to the PCRA court for further proceedings consistent with this memorandum.

J. S62020/16

Order vacated. Petition to Withdraw denied. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/28/2016