J. S10021/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
GEORGE WASHINGTON, :
:
Appellant : No. 1292 EDA 2016

Appeal from the Order March 23, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No.: CP-39-CR-0005339-2011

BEFORE: BENDER, P.J.E., DUBOW, J., and SOLANO, J.

JUDGMENT ORDER BY DUBOW, J.: **FILED FEBRUARY 10, 2017**

Appellant, George Washington, appeals from the March 23, 2016

Order denying his "Motion for Time Credit and Corrected Commitment[.]"

After careful review, we vacate and remand with instructions.

On July 9, 2012, Appellant entered a negotiated guilty plea to 104

counts of Burglary and 12 counts of Attempted Burglary.[1]  On August 22,

2012, the trial court sentenced Appellant to an aggregate term of 12½ to 60

years' imprisonment.  Appellant filed a direct appeal; this Court affirmed

Appellant's Judgment of Sentence on July 2, 2013.  ***See Commonwealth v.***

***Washington***, No. 2783 EDA 2012 (Pa. Super. filed July 2, 2013)

(unpublished memorandum).  Appellant did not seek further review.

---

[1] 18 Pa.C.S. § 3502(a) and 18 Pa.C.S. § 901(a), respectively.

On February 18, 2016, Appellant filed a *pro se* "Motion for Time Credit and Corrected Commitment[.]" The trial court addressed the merits of Appellant's time-credit issues and denied Appellants Motion on March 23, 2016. Appellant filed a timely Notice of Appeal.[2] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Herein, Appellant questions whether the trial court erred by failing to give him "credit for the time he spent in custody at Luzerne County Prison from January 7, 2011 to July 7, 2011[.]" Appellant's Brief at 12.

"[A]ll motions filed after a judgment of sentence is final are to be construed as PCRA petitions." **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013). "[A] challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence." **Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa. Super. 2004). A challenge to the legality of sentence is cognizable under the PCRA. **Id**.; 42 Pa.C.S. § 9543(a)(2).

Defendants have a general rule-based right to the assistance of counsel for their first PCRA Petition. Pa.R.Crim.P. 904(C); **Commonwealth v. Robinson**, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*) (stating, "a criminal defendant has a right to representation of counsel for purposes of

---

[2] Although Appellant's Notice of Appeal was entered on the docket on April 27, 2016, which would be untimely, the certified record indicates that Appellant complied with the prisoner mailbox rule by including the stamped envelope indicating he mailed the document on April 20, 2016. **See** Pa.R.A.P. 121(a).

litigating a first PCRA petition through the entire appellate process"). "The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims, even where those claims were previously addressed on direct appeal, so long as the petition in question is his first." *Commonwealth v. Powell*, 787 A.2d 1017, 1019 (Pa. Super. 2001) (citation omitted). "Moreover, once counsel is appointed, he [or she] must take affirmative steps to discharge his [or her] duties." *Id*.

Although titled a "Motion for Time Credit and Corrected Commitment[,]" because Appellant's filing is cognizable under the PCRA, the trial court should have treated it as his first PCRA petition and appointed counsel. Accordingly, we vacate the trial court's Order and remand for the appointment of PCRA counsel.[3] The trial court shall appoint PCRA counsel within 30 days. Appellant's new counsel shall be permitted to file an amended PCRA Petition or a *Turner*/*Finley* letter.[4]

Order vacated. Case remanded. Jurisdiction relinquished.

---

[3] We note that the Commonwealth does not oppose remand. Appellee's Brief at 9-10.

[4] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2017