J-S22008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDY BUXTON | : | |
| | : | |
| Appellant | : | No. 952 WDA 2022 |

Appeal from the PCRA Order Entered August 2, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0012834-2013

BEFORE:  OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY OLSON, J.:                **FILED: SEPTEMBER 19, 2023**

Appellant, Andy Buxton, appeals from the order entered on August 2, 2022, dismissing his first petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we vacate and remand for additional proceedings.

We briefly summarize the facts and procedural history of this case as follows.  On July 14, 2016, a jury convicted Appellant of one count of criminal use of a communications facility, one count of corrupt organizations, three counts of possession with intent to deliver heroin ("PWID"), three counts of delivery of heroin, and three counts of simple possession of heroin.[1]  This Court affirmed Appellant's judgment of sentence on March 13, 2020.  ***See***

---

[1]    18  Pa.C.S.A.  §  7512(a),  18  Pa.C.S.A.  §  911(b)(3),  35  P.S. § 780-113(a)(30), 35 P.S. § 780-113(a)(30), and 35 P.S. § 780-113(a)(16), respectively.

*Commonwealth v. Buxton*, 229 A.3d 346 (Pa. Super. 2020) (unpublished memorandum). On December 31, 2020, our Supreme Court denied further review. *See Commonwealth v. Buxton*, 243 A.3d 735 (Pa. 2020).

Appellant filed a timely *pro se* PCRA petition on December 17, 2021. On June 28, 2022, the PCRA court filed notice of its intent to dismiss the petition under Pa.R.Crim.P. 907. The PCRA court ultimately dismissed Appellant's *pro se* PCRA petition on August 2, 2022. Appellant filed a timely *pro se* notice of appeal on August 16, 2022. On August 30, 2022, the PCRA court ordered Appellant to file a *pro se* concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and Appellant complied timely. On appellate review, however, this Court recognized that Appellant proceeded entirely without the assistance of counsel during his first PCRA petition. Accordingly, on September 23, 2022, we ordered the PCRA court to determine whether to appoint counsel or colloquy Appellant pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998) to determine if he knowingly, voluntarily, and intelligently wished to continue to represent himself *pro se*. *See* Order, 9/23/2022, at *1, *citing* Pa.R.Crim. 904(C) ("[W]hen an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief.").

On September 29, 2022, the PCRA court ordered the Public Defender to represent Appellant. On October 27, 2022, the PCRA court directed

newly-appointed counsel for Appellant to file a Rule 1925(b) concise statement. Counsel for Appellant complied timely and subsequently filed a timely appellate brief with this Court raising the following issue for review:

1. Since [Appellant] was not appointed counsel for his first, timely PCRA petition, should this Court remand the case to the lower court for the appointment of new counsel who will file a new [a]mended PCRA petition on [Appellant's] behalf?

Appellant's Brief at 5.

This Court has previously determined:

We review the denial of a PCRA [p]etition to determine whether the record supports the PCRA court's findings and whether its [o]rder is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014).

Defendants have a general rule-based right to the assistance of counsel for their first PCRA [p]etition. Pa.R.Crim.P. 904(C); *Commonwealth v. Robinson*, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*) (stating, "a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process[ ]"). "The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims, even where those claims were previously addressed on direct appeal, so long as the petition in question is his first." *Commonwealth v. Powell*, 787 A.2d 1017, 1019 (Pa. Super. 2001) (citation omitted). "Moreover, once counsel is appointed, he [or she] must take affirmative steps to discharge his [or her] duties." *Id.*

When appointed, counsel's duty is to either (1) amend the petitioner's *pro se* [p]etition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of [*Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)]. "If appointed counsel fails to take either of these steps, our courts have not hesitated to find that the petition was effectively uncounseled." *Powell*, 787 A.2d at 1019 (citation omitted).

***Commonwealth v. Cherry***, 155 A.3d 1080, 1082–1083 (Pa. Super. 2017) (original footnote incorporated).

Here, upon appeal following the denial of Appellant's first PCRA petition, we directed the PCRA court to appoint counsel to represent Appellant, which it did. Appointed counsel, however, neither filed an amended PCRA petition on Appellant's behalf nor certified that Appellant's claims lacked merit pursuant to ***Turner***/***Finley***. Appellant has not asked to proceed *pro se* and the PCRA court did not conduct a ***Grazier*** hearing. As such, Appellant was not afforded his right to the assistance of counsel on his first PCRA petition. Accordingly, we are constrained to remand for additional proceedings. Upon remand, and within 30 days of this decision, appointed PCRA counsel shall be permitted to file an amended PCRA petition or comply with the dictates of ***Turner***/***Finley***.

Order vacated. Case remanded for additional proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2023