J-A05038-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                               :            PENNSYLVANIA
                               :
             v.                    :
                               :
                               :
JOHN E. LONGENDORFER          :
                               :
            Appellant          :      No. 64 WDA 2024

Appeal from the PCRA Order Entered December 13, 2023
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000802-2017

BEFORE: MURRAY, J., KING, J., and FORD ELLIOTT, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED: March 14, 2025**

      Appellant, John E. Longendorfer, appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541, *et seq.* ("PCRA"), which collaterally challenged his convictions for stalking and harassment.[1] Appointed counsel has petitioned to withdraw from representation under **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). After reviewing the record, we deny counsel's application, vacate the PCRA court's order, and remand for further proceedings.

      The PCRA court summarized the evidence introduced at the jury trial as follows:

---

* Retired Senior judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2709.1(a)(2) and 2709(a)(7), respectively.

[T]he charges stem from a letter that Kathleen Talley, [Appellant's] former live-in girlfriend, received [in late November] 2017. Ms. Talley immediately recognized the handwriting on the envelope to be that of [Appellant]. Upon opening the letter [Ms. Talley] discovered that the letter was not written in [Appellant's] handwriting. However, the letter contained personal details about Ms. Talley's life and of her personal relationship with [Appellant]. Suspecting the letter to have been authored by [Appellant], Ms. Talley contacted the Oil City Police Department (OCPD) because at the time Ms. Talley had an active Protection from Abuse (PFA) Order against [Appellant]. Ms. Talley was instructed to turn the envelope and letter over to Officer Robert Culp of the OCPD. Upon review of the envelope, Officer Culp immediately recognized the handwriting [on the envelope] to be that of [Appellant]. Although Officer Culp noticed that the letter was not in [Appellant's] handwriting, he noticed that certain statements contained in the letter refer specifically to [Appellant's] relationship with Ms. Talley and the letter stated facts about Ms. Talley that only [Appellant] would know. After review of the envelope and letter, Officer Culp filed a Criminal Complaint against [Appellant] charging him with committing the following offenses: (1) Stalking/Prior Acts, 18 Pa.C.S.A. § 2709.1(a)(2), a felony of the third degree[,] and (2) Harassment, 18 Pa.C.S.A. § 2709(a)(7), a misdemeanor of the second degree.

PCRA Court Opinion, 12/12/23, 3.

A jury found Appellant guilty of both offenses on June 15, 2018. N.T. Trial, 6/15/18, 92-94. On July 23, 2018, the court imposed concurrent terms of imprisonment of 36 to 72 months on the conviction for stalking and 6 to 12 months on the conviction for harassment. N.T. Sentencing, 7/23/28, 46-47. The court ordered the aggregate term of 36 to 72 months to be served consecutively to any sentence previously imposed on Appellant. *Id.*, 48. Appellant waived his right to representation at sentencing and proceeded *pro se* through his direct appeal.

Appellant filed a notice of appeal, *pro se*, which was docketed at No. 1764 WDA 2018. On August 12, 2019, Appellant filed a *praecipe* to discontinue the appeal. This Court notified the lower court of the discontinuance on August 19, 2019.

Appellant filed a timely PCRA petition, *pro se*, on January 8, 2020. In his *pro se* petition, Appellant raised three allegations of trial counsel's ineffective assistance. Specifically, Appellant alleged that counsel failed to: (1) obtain a forensic handwriting expert; (2) argue to the jury that the postmark on the envelope precluded finding he mailed the letter; and (3) object to the testimony of Officer Culp identifying Appellant's handwriting on the envelope. **See** PCRA Petition, 1/8/20, Section 6. The PCRA court appointed counsel on January 23, 2020, and then permitted counsel to withdraw on August 5, 2020. The court appointed new PCRA counsel and ordered counsel to file an amended petition by October 4, 2020. New PCRA counsel did not file an amended petition.

On May 5, 2022, Appellant filed a *pro se* motion for the court to compel PCRA counsel to file an amended petition or to appoint new counsel. Counsel filed a motion to withdraw, which the PCRA court granted on July 5, 2022.

Appellant appealed the July 5, 2022, order granting counsel's withdrawal. The PCRA court appointed a third PCRA counsel to represent Appellant on appeal. In its Rule 1925(a) opinion, the PCRA court noted that its July 5 order was not a final order. PCRA Court Opinion, 12/12/23 2. Third (and present) PCRA counsel, filed a motion to withdraw the appeal. The appeal

was discontinued by order of this Court entered on December 29, 2022. *See* Appeal No. 878 WDA 2022, Order, 12/29/22.

Upon receipt of this Court's order discontinuing the prior appeal, the PCRA court issued an order directing PCRA counsel, within 30 days, to either notify the District Attorney's Office that the *pro se* PCRA petition would not be amended or file an amended petition. Order, 2/8/23. The order also set an April 17, 2023 date for a status listing to either set a hearing date or a deadline for a *Finley* letter. *Id.*

The record on appeal contains no amendment to the PCRA petition, no notice to the District Attorney's Office from PCRA counsel that a *Finley* letter would be filed, and no motion to proceed *pro se*. There also is no order from the PCRA court granting an evidentiary hearing or, for that matter, limiting the issues to be raised at the hearing.

Nonetheless, on August 1, 2023, the court presided over an evidentiary hearing on a single allegation of ineffective assistance of trial counsel for not obtaining a forensic handwriting specialist. N.T. PCRA, 8/1/23, 5. Trial counsel, Jeri Bolton, Esquire, testified at the hearing and was questioned on direct examination by PCRA counsel. In sum, Attorney Bolton testified to speaking with a handwriting expert prior to trial, but decided against introducing expert testimony because counsel knew Appellant had handwritten the envelope and the Commonwealth would not contend that Appellant wrote the letter. *Id.*, 17-20. Therefore, expert testimony would only support the accuracy of the Commonwealth's contentions at trial. *Id.*, 23-24.

The Commonwealth argued to the PCRA court that Attorney Bolton's testimony supported finding there was a reasonable basis for counsel's trial strategy since expert testimony that "the envelope came from [Appellant]" would be contrary to the defense that Ms. Talley was accusing Appellant out of vindictiveness. N.T 8/1/23, 27-28. In turn, PCRA counsel presented argument that Attorney Bolton should have hired a handwriting expert because "had the analyst returned an opinion that … the envelope that contained the letter was not authored by [Appellant], that would have opened the door to other defenses." *Id.*, 32. Counsel argued that such an opinion would have "offered a greater potential for success" than relying on the defense that Ms. Talley accused Appellant out of vindictiveness. *Id.*, 34.

By an order dated December 12, but filed on December 13, 2023, the PCRA court denied relief, and concurrently filed an opinion explaining its reasons. The court ruled that the underlying claim "may be of arguable merit" because trial counsel "did not obtain a handwriting expert to analyze the envelope and letter in preparation for trial." PCRA Court Opinion, 12/12/23, 4. The PCRA court noted that Attorney Bolton's testimony focused on whether there was a reasonable basis "for her inaction." *Id.* The PCRA court ruled that, "[i]t was entirely reasonable for Attorney Bolton to pursue an alternative defense strategy as she was immediately able to discern that the letter was not written by her client, but the envelope was." *Id.*, 5. Thus, Appellant's speculative alternate strategy "would not have offered a potential for success greater than the course actually pursued." *Id.* Accordingly, the PCRA court

concluded that Appellant was "unable to sustain his burden of demonstrating the second prong of the ineffectiveness test, *i.e.*, whether counsel had a reasonable basis." ***Id.*** The PCRA court did not address either of the other two allegations of ineffective assistance raised in Appellant's *pro se* PCRA petition.

Appellant, through counsel, filed a timely notice of appeal on January 9, 2024. On January 26, 2024, in response to the PCRA court's order to file a Pa.R.A.P. 1925(b) statement, PCRA counsel filed a statement of intent to file a ***Turner/Finley*** brief and to withdraw as counsel. On March 25, 2024, counsel filed the ***Turner/Finley*** brief and a motion for leave to withdraw as counsel.

In the ***Turner/Finley*** brief, counsel raises and addresses the three issues asserted in Appellant's ***pro se*** petition. Those issues are trial counsel's alleged failure to:

> (1) secure a handwriting expert to contradict the testimony of Oil City Police Officer Robert Culp regarding his testimony that he recognized [Appellant's] handwriting; (2) argue that the letter was "postmarked" in Pittsburgh, Pennsylvania and, therefore, could not have originated from the Venango County Jail; and (3) object to Officer Culp's testimony that he recognized [Appellant's] handwriting.

***Turner/Finley*** Brief, 10.

"This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Colon***, 230 A.3d 368, 374 (Pa. Super. 2020) (citation omitted).

Because the certified record prevents our review of all of Appellant's claims raised on appeal, we must remand the matter to the PCRA court.

> Defendants have a general rule-based right to the assistance of counsel for their first PCRA Petition. Pa.R.Crim.P. 904(C); *Commonwealth v. Robinson*, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*) (stating, "a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process[ ]"). "The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims, even where those claims were previously addressed on direct appeal, so long as the petition in question is his first." *Commonwealth v. Powell*, 787 A.2d 1017, 1019 (Pa. Super. 2001) (citation omitted). "Moreover, once counsel is appointed, he [or she] must take affirmative steps to discharge his [or her] duties." *Id.*

*Commonwealth v. Cherry*, 155 A.3d 1080, 1082–83 (Pa. Super. 2017).

> Thus, once appointed:

> [C]ounsel's duty is to either (1) amend the petitioner's *pro se* Petition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of *Turner/Finley.* "If appointed counsel fails to take either of these steps, our courts have not hesitated to find that the petition was effectively uncounseled." *Powell*, 787 A.2d at 1019 (citation omitted).

*Id.* at 1083 (footnote omitted).

In *Cherry*, appointed PCRA counsel filed neither an amended petition nor a *Finley* letter before the PCRA court, but instead stood by while Cherry "uttered six one-word answers at the eight-minute PCRA hearing before agreeing to the submission of his case based only on the *pro se* filings." *Cherry*, 155 A.3d at 1083. Finding that the hearing was "clearly not a *Grazier*

hearing," this Court remanded with instructions to permit the filing of an amended PCRA petition or a **Finley** letter. **Id.**

We recognize that present PCRA counsel did more here than did PCRA counsel in **Cherry**. Indeed, present counsel litigated an evidentiary hearing on one of Appellant's three *pro se* allegations of ineffective assistance. However, counsel failed to comply with the PCRA court's order, consistent with **Cherry**, to either file an amended petition or a **Finley** letter. Order, 2/8/23. As a result, we have not been presented with the PCRA court's reasoning with respect to its denial of two of the three claims raised by Appellant *pro se* or alternatively an indication on the record that those claims were withdrawn for PCRA court review. Because PCRA counsel failed to take either of the steps he was ordered to take by the PCRA court, we are constrained to find "that the petition was effectively uncounseled." **Cherry**, 155 A.3d at 1083.

Since present counsel is familiar with this case, the claims raised, and the evidence available, we are reluctant to remove him as counsel and find it unnecessary to do so at this time. Accordingly, we remand with the following instructions. On remand, we direct the PCRA court to confirm that PCRA counsel confers with Appellant and determines which one of the following steps will next be taken: (1) the filing of a counseled amendment to the PCRA petition raising any claims of possible merit; (2) the filing of a **Finley** letter addressing all claims raised by Appellant to then be reviewed by the PCRA court; or (3) Appellant's request to proceed *pro se* through a **Grazier** hearing.

Once the chosen step is completed, the PCRA court may proceed in the normal course.

Order vacated. Counsel's petition to withdraw from representation is denied. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 3/14/2025