J. S82020/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                               :              PENNSYLVANIA
                             :
                    v.              :
                             :
GENE LORENZO DAVIS           :
       Appellant           :
                           :         No. 406 MDA 2016

Appeal from the Order Entered February 10, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002831-2009

BEFORE: OTT, DUBOW AND PLATT, JJ.[*]

MEMORANDUM BY DUBOW, J.:         **FILED DECEMBER 13, 2016**

Appellant, Gene Lorenzo Davis, appeals *pro se* from the February 10, 2016 Order denying as untimely his Motion for Permission to Appeal Discretionary Aspects of Sentence ("Petition").[1] After careful review, we find that the trial court should have considered Appellant's Petition to be his first Petition for Post-Conviction Relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546; and, thus, should have appointed counsel. We, therefore, vacate and remand with instructions.

We summarize the relevant factual and procedural history as follows. On October 7, 2010, Appellant pled guilty to one count of Third-Degree

---

[*] Retired Senior Judge Assigned to the Superior Court.

[1] As discussed, ***infra***, the lower court should have considered this Motion under the PCRA. As such, we shall hereinafter refer to it as Petition.

Murder pursuant to an open plea agreement. On November 22, 2010, the trial court sentenced Appellant to 15 to 40 years of incarceration.

On February 10, 2012, this Court affirmed Appellant's Judgment of Sentence. The Supreme Court denied allowance of appeal on September 6, 2012.

On January 15, 2016, Appellant filed the instant Petition *pro se*. On February 10, 2016, the lower court denied the Petition as an untimely post-sentence motion without conducting a hearing on the Petition, appointing counsel, or conducting a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). On March 2, 2016, Appellant timely filed a Notice of Appeal.

On April 21, 2016, perhaps realizing its error, the lower court held a **Grazier** hearing wherein it found that Appellant waived his right to counsel "for appeal" and could proceed *pro se*.

Appellant and the trial court both complied with Pa.R.A.P. 1925.

We begin by noting that the trial court erroneously analyzed and dismissed Appellant's Petition as a Motion to Modify Sentence under Pennsylvania Rule of Criminal Procedure 720(a).[2] Trial Court Opinion, filed 6/24/16, at 3 (unpaginated). However, Appellant's *pro se* Petition, in spite of being titled as a discretionary sentencing challenge, alleged that the sentence imposed was illegal and that trial counsel "absolutely lied" to

_____

[2] Pa.R.Crim.P. 720(a) (pertaining to post-sentence motions).

- 2 -

Appellant and forced him into a plea agreement. Petition, filed 1/15/16, at 2, 5.

Challenges to the legality of sentence and the effective assistance of trial counsel are cognizable under the PCRA. *See Commonwealth v. Kutnyak*, 781 A.2d 1259, 1261 (Pa. Super. 2001) (holding that, regardless of what a defendant titles his petition, "the PCRA is the exclusive vehicle for obtaining post-conviction collateral relief."); *Commonwealth v. Hockenberry*, 689 A.2d 283, 288 (Pa. Super. 1997) (finding that an untimely motion to modify sentence that challenges the legality of a sentence should be treated as a PCRA Petition); *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002) (holding that "as a general rule, a petitioner should wait to raise claims of ineffective assistance of counsel until collateral review."). Accordingly, the lower court should have treated the Petition as Appellant's first PCRA Petition.

Given the trial court's failure to properly consider Appellant's Petition under the PCRA, "we could vacate and remand on this basis alone, as this conclusion by the court is in error." *Kutnyak*, 781 A.2d at 1262. However, we further conclude that the lower court erred in not appointing counsel to Appellant prior to dismissing his Petition.

This Court has previously held that "where an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for

the PCRA court to correct that mistake." ***Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa. Super. 2011).

Defendants have a general rule-based right to the assistance of counsel for their first PCRA Petition. Pa.R.Crim.P. 904(C). ***See Commonwealth v. Robinson***, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*) (stating, "a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process."). "The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims, even where those claims were previously addressed on direct appeal, so long as the petition in question is his first." ***Commonwealth v. Powell***, 787 A.2d 1017, 1019 (Pa. Super. 2001) (citation omitted). Moreover, this right persists even if a first PCRA petition is untimely on its face. ***See, e.g., Commonwealth v. Wiley***, 966 A.2d 1153 (Pa. Super. 2009) (remanding for additional proceedings despite finding that petition was facially untimely where counsel failed to meaningfully participate in earlier PCRA proceedings).

When appointed, PCRA counsel's duty is to (1) amend the petitioner's *pro se* Petition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of ***Turner***/***Finley***.[3] "If appointed counsel fails to take either of these steps,

---

[3] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

our courts have not hesitated to find that the petition was effectively uncounseled." **Powell**, 787 A.2d at 1019 (citation omitted).

In the instant case, Appellant was denied his right to "a single, counseled petition." **Commonwealth v. Williams**, 828 A.2d 981, 990 (Pa. 2003). It is not enough that the trial court held a **Grazier** hearing some two months after denying Appellant's Petition. In fact, as the lower court's Order reflects, that **Grazier** hearing could only determine whether Appellant waived his right to counsel during the appeal of the denial of his Petition.[4] It could not retroactively determine whether Appellant waived the right to counsel's assistance in filing a Petition which the PCRA court had already denied.

We, therefore, vacate the Order denying relief and remand with instructions to consider the Petition under the PCRA. The lower court is instructed to appoint counsel to assist Appellant in filing an amended PCRA Petition. Once appointed, counsel may then either file an amended PCRA Petition or certify that the claims lack merit by complying with the mandates of **Turner**/**Finley**.

Order vacated. Case remanded. Jurisdiction relinquished.

---

[4] **See** Order, filed 4/21/16 (finding Appellant "waives right to counsel for appeal and wishes to proceed *pro se*").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2016