J-S76037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES GLEN INGRAM, JR. | : | |
| | : | |
| Appellant | : | No. 844 WDA 2018 |

Appeal from the Order Dated May 8, 2018
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002003-2014

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                **FILED DECEMBER 24, 2018**

James Glen Ingram (Appellant) appeals *pro se* from the order denying as untimely his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.  We affirm.

On January 12, 2015, Appellant pled guilty to one count of burglary, 18 Pa.C.S.A. § 3502(a)(2).  That same day, the trial court sentenced Appellant in the standard range to three to six years of incarceration.  Appellant did not file a direct appeal.

On January 14, 2016, Appellant filed a *pro se* PCRA petition.  The PCRA court appointed counsel.  On March 31, 2016, counsel filed a praecipe to withdraw the PCRA petition.  The record next reflects "PCRA Status Conference Cancelled" on May 13, 2016.  No further activity occurred until February 22, 2018, when Appellant filed the *pro se* PCRA petition underlying this appeal. On April 7, 2018, the PCRA court issued notice of intent to dismiss the PCRA

petition without a hearing pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. Appellant filed a response on May 2, 2018. On May 8, 2018, the PCRA court dismissed the petition on the basis that it was untimely. Appellant filed this appeal.[1]

Appellant presents three issues:

[1.] WHETHER THE TRIAL COURT ERRED WHEN DENYING PCRA [RELIEF] WITHOUT HEARING AND ALLOWING PCRA APPELLANT'S COUNSEL TO WITHDRAW PRO SE PCRA AFTER THE 2/22/18 PCRA WAS FILED?

[2.] WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT THE APPOINTMENT OF COUNSEL?

[3.] WHETHER THE APPELLANT IS ENTITLED TO COUNSEL FOR AN APPEAL TO THIS COURT?

Appellant's Brief at 3.

At the outset, we note that this Court recently decided a similar appeal filed by Appellant from the denial of PCRA relief at a different trial court docket. *Commonwealth v. Ingram*, No. 600 WDA 2018 (Pa. Super. Ct. Nov. 30, 2018) (unpublished). In that case, Appellant made claims that were analogous to those before us in this appeal – for example, that his underlying PCRA should have been treated as a first PCRA, and that Appellant is entitled to counsel where his prior counsel praeciped to withdraw Appellant's first PCRA without filing an amended PCRA. Because the procedural posture of the

---

[1] The PCRA court did not order compliance with Pennsylvania Rule of Appellate Procedure 1925.

instant case is similar, and our analysis from the prior appeal is applicable, we

adopt and incorporate part of the analysis from our prior decision as follows:

> This Court's standard of review, when reviewing a PCRA court's dismissal of a PCRA petition, "is 'to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.' " **Commonwealth v. Furgess**, 149 A.3d 90, 93 (Pa. Super. 2016) (quoting **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa. Super. 2018)). Initially, we must determine whether the instant PCRA petition is Appellant's first or second petition, as Appellant has proceeded *pro se* throughout the litigation of the instant petition. "Defendants have a general rule-based right to the assistance of counsel for their first PCRA petition[s only]." **Commonwealth v. Cherry**, 155 A.3d 1080, 1082 (Pa. Super. 2018) (citing Pa.R.Crim.P. 904(C)). "The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims,...so long as the petition in question is his first." **Id.** (quoting **Commonwealth v. Powell**, 787 A.2d 1017, 1019 (Pa. Super. 2001)).
>
> In the case *sub judice*, we conclude the instant petition under review constitutes Appellant's second PCRA petition. With regard to Appellant's first PCRA petition, appointed counsel filed a *praecipe* to withdraw the petition. Appellant baldly suggests that such action by counsel constituted an improper attempt at withdrawing his representation, as counsel did not file a petition to withdraw pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 297 (1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). However, Appellant has not developed his averment. Further, Appellant does not aver that he did not authorize counsel's withdrawal of the first PCRA petition.
>
> Instead, Appellant focuses his argument on the claim that the trial court did not grant the *praecipe* to withdraw the initial petition until after he filed the instant PCRA petition, and therefore, he claims the instant petition constitutes an amendment of his first PCRA petition. Appellant is mistaken.
>
> A review of the certified record reveals that the lower court stamped the *praecipe* to withdraw Appellant's first PCRA petition on March 31, 2016, and the certified docket entries reflect the same filing date. As the *praecipe* was properly accepted and

docketed, Appellant's first PCRA petition was disposed of on March 31, 2016. The instant petition, which was filed on February 19, 2018, is therefore Appellant's second petition under the PCRA, and, thus, he is not entitled to appointed counsel. **Cherry**, **supra** (requiring appointment of counsel only for first PCRA petitions).

*Id.* at *2.

In the case quoted above, we ultimately determined that Appellant was not entitled to relief because, at that docket, Appellant was "not 'currently serving' a sentence for purposes of establishing PCRA eligibility." *Id.* at 3 (citations omitted). However, in the appeal presently before us from a different trial court docket, Appellant remains incarcerated. We therefore proceed to determine whether Appellant is eligible for relief under the PCRA.

The PCRA court denied relief on the basis that the underlying PCRA petition was untimely. Our standard of review of an order denying PCRA relief is "whether the PCRA court's determination is supported by the evidence of record and free of legal error. We grant great deference to the PCRA court's findings, and we will not disturb those findings unless they are unsupported by the certified record." **Commonwealth v. Holt**, 175 A.3d 1014, 1017 (Pa. Super. 2017) (citation omitted). Before we reach the merits of a petitioner's claim, Section 9545 of the PCRA requires that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The timeliness requirement of the PCRA is "mandatory and jurisdictional in nature." **Commonwealth v. McKeever**, 947 A.2d 782, 784-785 (Pa. Super.

2008) (citing omitted).  Therefore, "no court may disregard, alter, or create equitable exceptions to the timeliness requirement in order to reach the substance of a petitioner's arguments." *Id.* at 785.  Although the timeliness requirement is mandatory and jurisdictional, "an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met." ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013).  The three exceptions to the timeliness requirement are:

> (i)      the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).  A petition invoking an exception "shall be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).

At the underlying docket, Appellant was sentenced on January 12, 2015, and did not file a direct appeal.  Therefore, his judgment of sentence became

final 30 days from January 12, 2015, or February 11, 2015. ***See*** Pa.R.A.P. 903(a). Under Section 9545(b)(1), Appellant had to file his PCRA petition within one year of February 11, 2015, or February 11, 2016. Appellant did not file his PCRA petition until February 22, 2018 – approximately three years after his judgment of sentence became final. Accordingly, we are without jurisdiction to decide Appellant's appeal unless he has pled and proved one of the three timeliness exceptions of Section 9545(b)(1). Appellant has failed to do so.

Appellant's entire appellate argument reads:

> The Appellant avers that no hearing was held on a clarification of sentence issue and other issues raised pro se by Appellant where appointed counsel did not file [an] amended PCRA.

### Argument

> The Appellant further avers that from the record it can be found that PCRA counsel for Appellant did not comply with Com. v. Turner 518 Pa. 491, 544 A.2d 927 (Pa. 1988); and Com. v. Finley, 379 Pa. Super. 390, 550 A.2d 213 (Pa. Super. 1988).

> The Appellant avers that and believes he will serve more years in prison than what was actually imposed by the trial court if this case is not remanded to the trial court for hearing and appointment of counsel. None of the issues raised by Appellant has been addressed by counsel for Appellant.

### Conclusion

> The trial court erred when failing to conduct a hearing on issues that should have been addressed by counsel for this Appellant.

> The case should be remanded for appointment of counsel for Appellant and hearing.

Appellant's Brief at 6-7.[2]

As evident from the above argument, Appellant has failed to advance an exception to the PCRA's time bar. ***See Commonwealth v. Gibbs***, 981 A.2d 274, 284 (Pa. Super. 2009) (It is an appellant's obligation to sufficiently develop arguments in his brief by applying the relevant law to the facts of the case, persuade this Court that there were errors below, and convince us relief is due because of those errors.). Accordingly, we affirm the order of the PCRA court denying as untimely Appellant's petition filed pursuant to the PCRA.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/2018

---

[2] The Commonwealth has not filed a brief.

- 7 -