J-S15030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK ALAN ANDRESS | : | |
| | : | |
| Appellant | : | No. 586 WDA 2020 |

Appeal from the PCRA Order Entered May 15, 2020
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000403-2015

BEFORE:   LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED: JULY 1, 2021**

Mark Alan Andress (Appellant) appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we vacate and remand for proceedings consistent with this memorandum.

In 2015, Appellant was charged with two counts each of aggravated assault and simple assault, and one count each of resisting arrest and summary harassment.[1]  A jury acquitted Appellant of one count of aggravated assault, and convicted him of the remaining charges; he was sentenced to 3½ to 11 years of incarceration.  Appellant timely appealed, and on November 28, 2017, this Court affirmed his judgment of sentence.  ***Commonwealth v.***

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(2), 2701(a)(1), 5104, 2709(a)(1).

***Andress***, 1147 WDA 2016, at *1-2 (Pa. Super. Nov. 28, 2017) (unpublished memorandum). Appellant did not seek review with the Pennsylvania Supreme Court.

On November 26, 2018, Appellant filed a timely first PCRA petition. The certified record indicates the petition was subsequently misplaced. Our review further reveals:

> --an undated yellow post-it affixed to the petition with the handwritten note, "Judge-This was in the wrong file. It may need to be scheduled. It was filed in November."
>
> --counsel was never appointed.[2]
>
> --no hearing was scheduled, nor did the court issue notice pursuant to Pennsylvania Rule of Criminal Procedure 907.[3]
>
> --On August 8, 2019, the court summarily dismissed the petition in an order which incorrectly stated the petition was a "second PCRA petition and [] clearly [] untimely filed."

---

[2] Rule 904 of the Pennsylvania Rules of Criminal Procedure provides, "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge **shall** appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C) (emphasis added).

[3] Following review, "If the judge is satisfied . . . there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge **shall** give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal." Pa.R.Crim.P. 907(1) (emphasis added).

--On September 6, 2019, Appellant filed a timely notice of appeal, which the McKean County Clerk of Courts never transmitted to the Prothonotary of this Court.[4]

On March 13, 2020, Appellant filed the underlying *pro se* PCRA petition, his second. The PCRA court did not appoint counsel. On April 23, 2020, the PCRA court issued Rule 907 notice, and Appellant filed on May 4, 2020, a *pro se* response requesting a hearing. Also that same day, Appellant filed a motion for discovery, motion for appointment of counsel, and motion "to Move Forward in the Proceedings of the [PCRA court]." The PCRA court denied all three motions on May 6, 2020. On May 15, 2020, the PCRA court dismissed Appellant's petition without a hearing. Appellant timely appealed. Both the PCRA court and Appellant complied with Pa.R.A.P. 1925. On February 9, 2021, Appellant filed in this Court an application for relief, which included a request for appointment of counsel. This Court denied the application on February 24, 2021.

Appellant presents two issues for review:

1. Did the PCRA court commit reversible error when they dismissed Appellant's PCRA petition without an evidentiary hearing, failing to address the claims as presented, especially when such claims averred factual innocence – including Appellant's attempt to present evidence which would prove fraudulent prosecution?

---

[4] Pennsylvania Rule of Appellate Procedure 905(b) states: "The clerk **shall** immediately transmit to the prothonotary of the appellate court named in the notice of appeal, a copy of the notice of appeal, as well as receipts showing collection of any docketing fee in the appellate court required under paragraph (c)." Pa.R.A.P. 905(b) (emphasis added).

2. Did the PCRA court commit reversible error when the court used improper authority to deny Appellant access to necessary materials of discovery along with documents requested under "Pennsylvania's Right to Know Law." Materials which would have proven a direct "***Brady***" violation while [the court] allowed an unauthenticated document and undocumented medical records which Appellant was denied access, to convict?

Appellant's Brief at 3.

When reviewing an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014).

At the outset, we address the numerous missteps in the McKean County Court of Common Pleas. Appellant's first petition was docketed but then misplaced. When discovered and brought to the attention of the PCRA court, the court did not appoint counsel, contrary to Pa.R.Crim.P. 904(C), despite Appellant being an indigent first-time petitioner.[5]

---

[5] Appellant is proceeding *pro se* but *in forma pauperis* on appeal.

"The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims, even where those claims were previously addressed on direct appeal, so long as the petition in question is his first." ***Commonwealth v. Powell***, 787 A.2d 1017, 1019 (Pa. Super. 2001) (citation omitted). We have explained:

> While the right to legal representation in the PCRA context is not constitutionally derived, the importance of that right cannot be diminished merely due to its rule-based derivation. In the post-conviction setting, the petitioner normally is seeking redress for trial counsel's errors and omissions. Given the time constraints of the PCRA, a [petitioner's] first petition, where the rule-based right to counsel unconditionally attaches, may well be the [petitioner's] sole opportunity to seek redress for such errors and omissions. Without the input of an attorney, important rights and defenses may be forever lost.

***Commonwealth v. Robinson***, 970 A.2d 455, 458–59 (Pa. Super. 2009). Further, "The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims, even where those claims were previously addressed on direct appeal, so long as the petition in question is his first." ***Commonwealth v. Cherry***, 155 A.3d 1080, 1082 (Pa. Super. 2017) (citation omitted).

The Commonwealth concedes Appellant's November 26, 2018 PCRA petition was a first, timely petition. ***See*** Commonwealth Brief at 8 ("[Appellant] did file a first PCRA petition in a timely manner on or about November 26, 2018."). However, despite the breakdown in the court process, the Commonwealth argues Appellant's issues are waived. The Commonwealth claims Appellant "is not eligible for PCRA relief as the alleged errors have been

previously litigated, having been raised in the first PCRA petition." ***Id.*** at 6; ***see also id.*** at 10-11 ("This precise issue had been previously raised by [Appellant] in his first PCRA petition filed on November 26, 2018. . . . As [Appellant] raised this precise issue in his first PCRA petition, he is not eligible for relief as the matter has been previously litigated."

The Commonwealth's argument is flawed insomuch as it suggests Appellant was able to perfect his first PCRA petition despite the lack of court-appointed counsel (and the court's subsequent dismissal of the petition without a hearing or notice, based on the incorrect statement that the petition was Appellant's second, untimely petition).

Further, we cannot overlook the McKean County Clerk of Courts' failure to comply with the Rules of Appellate Procedure when Appellant filed a timely notice of appeal from the August 8, 2019 order dismissing his first petition. Pursuant to Rule 905(b), the Clerk of Courts should have immediately transmitted the notice of appeal to this Court. ***See, e.g., Commonwealth v. Lantzy***, 736 A.2d 564, 571 (Pa. 1999) (discussing "prejudice *per se*" when an appeal is not perfected).

Appellant has been prejudiced by an "extraordinary breakdown in the judicial process." ***See Commonwealth v. Williams***, 715 A.2d 1101, 1103 (Pa. 1998). The Pennsylvania Supreme Court recently stated:

> [I]f the [PCRA] petition is timely, *nunc pro tunc* relief is a deeply established means of remedying a breakdown in the prior process caused by an error of constitutional magnitude. An award of *nunc pro tunc* relief is intended to put the petitioner in the same position

he or she was in just prior to the alleged constitutional deprivation. **See Commonwealth v. Stock**, [ ] 679 A.2d 760, 764 ([Pa.] 1996) ("the appeal *nunc pro tunc* is intended to remedy certain extraordinary situations wherein the right of appeal was denied"); BLACKS LAW DICTIONARY (11TH ed. 2019) ("*nunc pro tunc*" is Latin for "now for then").

**Commonwealth v. Koehler**, 229 A.3d 915, 931 (Pa. 2020).

For the above reasons, we vacate the order dismissing Appellant's second PCRA petition, and remand for *nunc pro tunc* relief so that Appellant may proceed in the "same position he was in" prior to the breakdown in the court process that began when the PCRA court failed to appoint counsel to represent Appellant in his first petition. **See Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011) ("where an indigent, first-time PCRA petitioner was denied his right to counsel – or failed to properly waive that right – this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake"). The PCRA court shall appoint counsel, who shall file either an amended PCRA petition or a **Turner/Finley**[6] letter, and all proceedings following remand shall occur as prescribed by pertinent legal authority, including the Rules of Criminal Procedure.

Order vacated. Case remanded. Jurisdiction relinquished.

_____

[6] **Commonwealth v. Turner**, A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/1/2021