J-S31034-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| OMAR MILLER | : | |
| | : | |
| Appellant | : | No. 1036 EDA 2021 |

Appeal from the PCRA Order Entered March 22, 2021
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0004797-2013

BEFORE:  STABILE, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:  **FILED OCTOBER 20, 2021**

Omar Miller (Miller) appeals from the order of the Court of Common Pleas of Montgomery County (PCRA court) denying his *pro se* petition for relief under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After review, we vacate the PCRA court's order and remand for the appointment of counsel.

**I.**

**A.**

In 2014, a jury convicted Miller of second-degree murder, kidnapping, robbery, conspiracy to commit kidnapping, and conspiracy to commit robbery[1]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502(b), 2901(a)(3), 3701(a)(1)(i) and 903(a).

and he was sentenced to life imprisonment. Miller appealed, challenging the denial of his pretrial suppression motion. We affirmed the judgment of sentence, finding his argument waived because he did not raise it in the trial court. *See Commonwealth v. Miller*, 134 A.2d 109 (Pa. Super. 2015) (unpublished memorandum).

In 2016, Miller filed a timely *pro se* PCRA petition. Counsel was appointed and filed a no-merit letter with a request to withdraw. After withdrawal was granted, Miller requested that trial transcripts be provided to him so that he could prepare an amended PCRA petition. The PCRA court denied his request and dismissed the petition but, on appeal, we reversed and instructed the PCRA court to provide the transcripts and allow Miller to file an amended petition. *See Commonwealth v. Miller*, 178 A.3d 205 (Pa. Super. 2017) (unpublished memorandum).

On remand, the PCRA court reinstated Miller's post-sentence motion as well as his direct appeal rights due to ineffective assistance of counsel in not raising the issue at trial. Through appointed counsel, Miller filed a post-sentence motion raising, among other things, the argument that he raised in the first appeal. After the trial court denied his post-sentence motion, Miller again appealed. On December 17, 2019, finding the trial court did not err in denying the motion to suppress, we affirmed the judgment of sentence. *See Commonwealth v. Miller*, 225 A.3d 1165 (Pa. Super. 2019) (unpublished memorandum). Because Miller did not file a petition for allowance of appeal,

- 2 -

his judgment of sentence became final on January 16, 2020. *See* 42 Pa.C.S. § 9545(b)(3).

**B.**

On March 5, 2021, Miller filed a *pro se* petition titled "*Nunc Pro Tunc Request for Relief of a New Trial under the Post Conviction Relief Act pursuant to 42 Pa.C.S.A. § 9541-9546.*" Recognizing that more than a year had passed since his judgment of sentence became final, Miller asked that the PCRA court consider his petition as being timely, claiming that filing was delayed because of the COVID-19 pandemic and his inability to access the SCI-Rockview law library, which was closed in September 2021 because of the pandemic. Miller asserted that these constituted extraordinary circumstances that excused the untimeliness of his petition. Finally, Miller acknowledged that his petition did not assert any grounds for relief, but stated that he would in a later filing after the PCRA court appointed him counsel.

On March 22, 2021, the PCRA court denied Miller's *pro se* petition. In its order, the PCRA court explained that it did not consider his petition as a PCRA petition because it failed to conform to the pleading requirements under the PCRA. Instead, the PCRA court believed that Miller was asking for an advisory opinion that would both excuse his failure to file a timely petition and appoint him counsel in advance of filing a petition. Last, the PCRA court

indicated that its order was being sent to Miller via first-class mail but did not advise him of his right to appeal.[2]

Miller filed his notice of appeal on May 9, 2021,[3] more than 30 days after the PCRA court's denial of his *pro se* petition.  As a result, we issued a rule to show cause why the appeal should not be quashed.  Miller responded by noting that the PCRA court failed to advise him that he had to file an appeal within 30 days of the order denying his petition.  In its Pa.R.A.P. 1925(a) opinion, the PCRA court asserted that we should quash this appeal as untimely.  According to the PCRA court, it was immaterial whether Miller's petition should be construed as a PCRA petition, as he simply failed to file his appeal within 30 days of its order denying the petition on March 22, 2021.  **See** PCRA Court Opinion, 5/27/21, at 3-5.

## II.

## A.

We must first determine whether we have jurisdiction to review this appeal, since Miller did not file his notice of appeal within 30 days of the PCRA

_____

[2] After the denial of his petition, on April 6, 2021, Miller filed a request for reconsideration in the PCRA court, arguing that his *pro se* petition should have been treated as a PCRA petition.  The PCRA court denied his request on April 20, 2021.

[3] Though not docketed until May 18, 2021, Miller's proof of service states that it was sent on May 9, 2021.  **See Commonwealth v. Crawford**, 17 A.3d 1279, 1281 (Pa. Super. 2011) ("Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing").

court's March 22, 2021 order denying Miller's *pro se* petition. **See** Pa.R.A.P. 903(a) (notice of appeal must be filed within 30 days of entry of order from which appeal is taken).

First, Miller's March 5, 2021 *pro se* petition should have been treated as a PCRA petition because "all motions filed after a judgment of sentence is final are to be construed as PCRA petitions." **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013) (citing **Commonwealth v. Fowler**, 930 A.2d 586, 591 (Pa. Super. 2007)). Regardless of its timeliness then, the PCRA court should have construed the petition as a PCRA petition. In addition, Miller titled his petition a "Nunc Pro Tunc Request for Relief" under the PCRA, as well as referring in the petition to "this PCRA" and asks the PCRA court to excuse the petition's untimeliness. **See** PCRA Petition, 3/5/21, at Paragraphs 9-12. Contrary to the PCRA court's reading of the petition, Miller evinced his intent that (1) his petition be treated as a petition for relief under the PCRA and that (2) he be appointed counsel to assist in the preparation of an amended petition.

Next, we must determine whether we can excuse Miller's failure to file this appeal within 30 days of the PCRA court's March 22, 2021 order denying his petition. Generally speaking, "the [C]ourt may not enlarge the time for filing a notice of appeal[.]" Pa.R.A.P. 105(b). However, we will "address[ ] an untimely appeal [if] it [is] shown that [a] breakdown of the processes of

the trial court caused the appeal to be untimely." ***Commonwealth v. Khalil***, 806 A.2d 415, 420 (Pa. Super. 2002).

Pennsylvania Rule of Criminal Procedure 907 sets forth the procedure for dismissing a PCRA petition without a hearing. As part of that procedure, Rule 907 requires that the PCRA court's final order dismissing the petition advise the petitioner of their right to appeal. Rule 907 provides, in pertinent part, as follows:

> When the petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed. The order shall be filed and served as provided in Rule 114.

Pa.R.Crim.P. 907(4).

Because Miller's *pro se* petition should have been construed as a PCRA petition, the PCRA court's March 22, 2021 order denying the petition needed to comply with Rule 907(4) and advise him of the time limits to appeal from the dismissal of his petition. The PCRA court's order, however, fails to contain any information advising Miller about his appellate rights requiring us to proceed with this appeal even though facially untimely. ***See Khalil***, 806 A.2d at 421 (providing that failure of trial court to inform appellant of appeal rights was a breakdown of court's processes that caused appellant to file an untimely appeal, and this Court had jurisdiction to proceed in untimely-filed appeal).

**B.**

Turning to the merits, Miller argues that the PCRA court should have appointed him counsel under Pa.R.Crim.P. 904. As support, Miller quotes the comment to Rule 904, which states that, "[c]onsistent with Pennsylvania post-conviction practice, it is intended that counsel be appointed in every case in which a defendant has filed a petition for post-conviction collateral relief for the first time and is unable to afford counsel or otherwise procure counsel." Pa.R.Crim.P. 904 (comment). Because this would be considered his first PCRA petition, Miller asserts that he was entitled to the appointment of counsel. **See** Miller's Brief at 7-8. The Commonwealth agrees that if Miller's *pro se* petition is construed as a PCRA petition (which we do), then the PCRA court erred in dismissing his petition without first appointing counsel, regardless of the merits of Miller's petition. **See** Commonwealth's Brief at 7-9.

As the Commonwealth concedes, because this is Miller's first time petitioning for relief under the PCRA because his first PCRA petition led to his post-sentence motion and direct appeal rights being reinstated, the instant petition should have been treated as a first time petition. **See Commonwealth v. Fowler**, 930 A.2d 586, 591 (Pa. Super. 2007) ("It is now well[-]established that a PCRA petition brought after an appeal *nunc pro tunc* is considered [an] appellant's first PCRA petition ...."); **see also Commonwealth v. Figueroa**, 29 A.3d 1177, 1181 (Pa. Super. 2011) (same).

Additionally, petitioners have a general rule-based right to the assistance of counsel for their first PCRA Petition. *See* Pa.R.Crim.P. 904(C); *Commonwealth v. Robinson*, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*) (stating, "a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process[ ]"). "The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims, even where those claims were previously addressed on direct appeal, so long as the petition in question is his first." *Commonwealth v. Powell*, 787 A.2d 1017, 1019 (Pa. Super. 2001) (citation omitted).

Relevant here, "[a]n indigent petitioner is entitled to appointment of counsel on his first PCRA petition, even where the petition appears untimely on its face." *Commonwealth v. Perez*, 799 A.2d 848, 851 (Pa. Super. 2002). "In such cases, counsel is appointed principally to determine whether the petition is indeed untimely, and if so, whether any exception to the timeliness requirements [of the PCRA] applies." *Id.* at 852.

As a result, even though Miller's *pro se* petition was facially untimely, the PCRA court was required by Rule 904 to appoint him counsel to assist him with his first time PCRA petition. *See* Pa.R.Crim.P. 904(C). That being the case, the appropriate remedy is remand for the appointment of PCRA counsel. As the Supreme Court of Pennsylvania has explained:

> An indigent petitioner has the right to appointment of counsel to assist in prosecuting a first PCRA petition. Where that right has

been effectively denied by the action of court or counsel, the petitioner is entitled to remand to the PCRA court for appointment of counsel to prosecute the PCRA petition. The remand serves to give the petitioner the benefit of competent counsel at each stage of post-conviction review.

*Commonwealth v. Kenney*, 732 A.2d 1161, 1164 (1999); *see also Commonwealth v. Cox*, 204 A.3d 371, 390 (Pa. 2019) (affirming *Kenney* for the proposition that "remand for appointment of counsel is appropriate remedy when the right to appointment counsel has been effectively denied").

Because Miller did not receive the benefit of PCRA counsel, we vacate the PCRA court's order and remand for the appointment of counsel. *See Perez,* 799 A.2d at 851–52 (stating that "[t]he denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel").

Order vacated. Case remanded. Jurisdiction relinquished.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 10/20/2021*