J-A24012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL THOMAS SCHWARTZ | : | |
| | : | |
| Appellant | : | No. 595 EDA 2022 |

Appeal from the PCRA Order Entered February 15, 2022
In the Court of Common Pleas of Wayne County Criminal Division at
No(s):  CP-64-CR-0000336-2016

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JANUARY 4, 2023**

Appellant, Michael Thomas Schwartz, appeals *pro se* from the post-conviction court's February 15, 2022 order dismissing, as meritless, his first, timely petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Due to various errors committed by the PCRA court, we vacate the order and remand for further proceedings.

This Court has previously summarized the facts underlying Appellant's case as follows:

> Appellant, along with his co-defendant wife, were accused of crimes in connection with the sexual abuse of Appellant's minor nephews.  The Commonwealth gave notice of its intent to offer at trial evidence of the nephews' out-of-court statements concerning the abuse ("Tender Years testimony") pursuant to 42 Pa.C.S. § 5985.1(b).  In pretrial motions, Appellant sought to exclude the statements, as well as seeking a change of venue.  The trial court denied the change of venue, and, following a hearing, denied the motion to exclude the Tender Years testimony.

> Appellant proceeded to a non-jury trial in front of the same judge who ruled on the pretrial motions. At the close of the Commonwealth's case, the trial court dismissed some of the charges. After Appellant presented defense witnesses, the trial court convicted Appellant of all remaining charges, including, *inter alia*, involuntary deviant [*sic*] sexual intercourse, attempted rape of a child, and indecent exposure. On October 5, 2017, the trial court found Appellant to be a[ sexually violent predator ("SVP")], and sentenced him [to 149-540 months' imprisonment].

*Commonwealth v. Schwartz*, 3575 EDA 2017, 2019 WL 911108, at *1 (Pa. Super. filed Feb. 22, 2019).

Appellant subsequently filed a direct appeal. On February 22, 2019, this Court vacated Appellant's SVP designation and affirmed his judgment of sentence in all other respects. *Id.* Appellant did not seek review with our Supreme Court.

On August 5, 2019, Appellant filed a timely, *pro se* PCRA petition, his first. On August 14, 2019, the PCRA court entered an order appointing John J. Martin, II, Esq., to investigate the claims contained in Appellant's PCRA petition and to take such action as deemed appropriate within 90 days.

The docket shows nothing happened for over a year, in contravention of the PCRA court's order directing Attorney Martin to take action within 90 days. Consequently, Appellant sent a letter to the PCRA court on August 31, 2020. In his correspondence, Appellant explained that he had written a few letters to Attorney Martin's office but had received no response. Understandably confused, Appellant asked the PCRA court to inform him of the status of his PCRA petition.

Despite Appellant's letter, the docket does not reflect that the PCRA court took any action. Roughly three months later, on November 24, 2020, Attorney Martin filed a motion to withdraw as counsel. His motion stated the following:

> **AND NOW COMES**, Movant, John J. Martin[,] II, Esquire, counsel for [Appellant], and requests leave of this honorable [c]ourt to withdraw as counsel and in support thereof avers as follows:
>
> 1. That John J. Martin[,] II, that Movant [*sic*] was instructed by this [c]ourt to investigate [Appellant's] claims in a Motion for Post-Conviction Collateral Relief before this [c]ourt in the above[-]captioned matter of which [Appellant] is a party.
>
> 2. That Movant requests to withdraw as counsel because [Appellant's] claims have no merit.
>
> **WHEREFORE**, Movant respectfully requests that this [c]ourt approve [his] Motion to Withdraw as Counsel in the above matter, and for any and other such relief as the [c]ourt deems just.

Motion to Withdraw as Counsel, 11/24/20, at 1-2 (unpaginated; capitalization and emphasis in original). Attorney Martin attached to his motion a certificate of service reflecting that he mailed a copy of the motion to Appellant. However, on November 30, 2020, Attorney Martin filed an amended certificate of service, representing that he served the motion on Appellant by hand delivery. Based on our thorough review of the record and the docket, no other documents appear to have been filed with Attorney Martin's motion to withdraw.

After several months of inactivity on the docket, Appellant submitted a letter to the PCRA court on April 23, 2021, explaining that he had just discovered that Attorney Martin had asked to withdraw as his counsel.

Appellant conveyed that he did not receive any notice or letters regarding Attorney Martin's motion to withdraw. Appellant also stated his objection to Attorney Martin's withdrawal.

Over four months later, on September 10, 2021, the PCRA court issued the following notice and order:

> NOTICE
>
> AND NOW, to wit, this 3rd day of September, 2021, [Appellant] is hereby ADVISED of his right to respond in writing to this proposed dismissal within twenty (20) days of the date of this [n]otice.
>
> ORDER
>
> AND NOW, to wit, this 3rd day of September, 2021, after an independent review of the record by this [c]ourt, it is hereby ORDERED that Attorney John J. Martin II's Motion to Withdraw as Counsel is GRANTED.

Order, 9/10/21, at 1 (unpaginated; capitalization in original; emphasis omitted).

In response, on September 23, 2021, Appellant filed the following letter with the PCRA court:

> I have received notice of an order dated September 3, 2021[,] granting [Attorney] John J[.] Martin II's Motion to [W]ithdraw as Counsel. I am writing because I find it very unfair because I have not received any letters from [Attorney] Martin of him [*sic*] seeking to no longer represent me. Nor have I[,] beside[s] the letter I just received, []ever received anything from the [c]ourt[] to inform me of this. The only way I found out about this was Rockview[ Prison's] Library staff went online and looked up my case and saw this pending and I wrote up my objection.
>
> If it is still the [c]ourt['s] order that [Attorney] Martin no longer is considered my [c]ounsel, I ask that the [c]ourt[] will re-appoint me a new attorney to deal with my PCRA [petition].

Notice of Right to Respond, 9/23/21, at 1 (unpaginated).

- 4 -

Nearly five months after Appellant filed this letter, the PCRA court issued the following order:

AND NOW, this 15th day of February, 2022, upon PCRA counsel's **Turner/Finley**[1] No[-]Merit Letter[,] this [c]ourt agrees with PCRA counsel that [Appellant's] claim lacks legal merit[.]  IT IS HEREBY ORDERED [Appellant] is not entitled to post-conviction relief effective today.

IT IS FURTHER ORDERED [Appellant] is advised of his right to respond in writing to this PCRA dismissal within twenty (20) days of this [o]rder.

IT IS FURTHER ORDERED this [c]ourt's September 3, 2021 [o]rder allowing PCRA counsel to withdraw is AFFIRMED.

Order, 2/15/22, at 1 (unpaginated; capitalization in original).

The PCRA court attached to this order an opinion, in which it stated that Attorney Martin had filed a Motion to Withdraw as Counsel and a no-merit letter.  While we do not see a no-merit letter from Attorney Martin in the record, the PCRA court determined that, in Attorney Martin's no-merit letter, he detailed the nature and extent of his review, listed each issue Appellant wished to have reviewed, and explained why Appellant's issues are meritless. The PCRA court then purported to conduct its own, independent review of the record and agreed with Attorney Martin that Appellant's petition was meritless.

Thereafter, on February 28, 2022, Appellant filed a 'Request to Appeal,' in which he asked the PCRA court to grant him the right to appeal from the

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

court's February 15, 2022 order.[2]  In response, on March 14, 2022, the PCRA court issued an order stating the following:

> **AND NOW**, this 11th day of March, 2022, upon consideration of [Appellant's] *pro se* Motion for Request to Appeal, **IT IS HEREBY ORDERED, ADJUDGED and DECREED** that said motion is **GRANTED.**
>
> **IT IS FURTHER ORDERED** [Appellant] shall have thirty (30) days from the date of this [o]rder … to file an appeal.

Order, 3/14/22, at 1 (emphasis and capitalization in original).

The next day, on March 15, 2022, the PCRA court perplexingly issued another order, directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  The PCRA court, however, apparently neglected to serve Appellant with that order.  On April 19, 2022, the PCRA court issued yet another order, in which it recognized that Appellant may not have been served with its March 15, 2022 order and therefore directed Appellant to file a Rule 1925(b) statement once again.  On May 9, 2022, Appellant filed his Rule 1925(b) statement.  On June 23, 2022, the PCRA court issued its Rule 1925(a) opinion.[3]

Appellant raises the following issues for our review:

---

[2] This 'Request to Appeal' was apparently construed as a notice of appeal, as the docket reflects that it was docketed in this Court at 595 EDA 2022 on March 10, 2022.

[3] On July 18, 2022, this Court dismissed Appellant's appeal because Appellant failed to file a brief.  Subsequently, Appellant filed both a brief and an application to reinstate his appeal.  This Court accepted Appellant's brief and granted his application to reinstate the appeal on August 3, 2022.

1. Whether the PCRA court erred by dismissing the PCRA petition with a[n] opinion, order, and notice of intent to dismiss pursuant to Pa.R.Crim.P. 907?

2. Whether [Appellant] was denied effective assistance of counsel by PCRA counsel, and did PCRA counsel [err] in his determination that [Appellant's] ineffective assistance of counsel claims [are] without merit?

3. Whether [Appellant] was denied effective assistance of trial counsel by Nefertiti C. Jordan, Esq., [by] failing to request recusal of the Honorable Raymond L. Hamill when impropriety of the judiciary was clear and convincing?

4. Whether [Appellant] was denied effective assistance of trial counsel from Nefertiti C. Jordan[, Esq.,] when failing to hold a hearing in accordance with *Commonwealth v. Delbridge*, 855 A.2d 27 ([Pa.] 2003)?

Appellant's Brief at 4 (unpaginated; unnecessary capitalization omitted).

Before we consider any of Appellant's issues, we must address multiple, troubling errors committed by the PCRA court in handling this matter. Frankly, we are dismayed by how the proceedings unfolded below.

First, the record does not indicate that Attorney Martin complied with the requirements of *Turner/Finley*.[4] This Court has previously explained:

Defendants have a general rule-based right to the assistance of counsel for their first PCRA Petition. Pa.R.Crim.P. 904(C); *Commonwealth v. Robinson*, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*) (stating, "a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process[]"). "The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims, even where those claims were

_____

[4] We note that, on appeal, Appellant claims that he was denied effective assistance of counsel by PCRA counsel, *see* Appellant's Brief at 4 (unpaginated), and asserts that PCRA counsel "failed to see that the PCRA petition had merit and failed to properly investigate the claims." *Id.* at 7 (unpaginated).

- 7 -

previously addressed on direct appeal, so long as the petition in question is his first." ***Commonwealth v. Powell***, 787 A.2d 1017, 1019 (Pa. Super. 2001) (citation omitted). "Moreover, once counsel is appointed, he [or she] must take affirmative steps to discharge his [or her] duties." ***Id.***

When appointed, counsel's duty is to either (1) amend the petitioner's *pro se* [p]etition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of ***Turner/Finley***. "If appointed counsel fails to take either of these steps, our courts have not hesitated to find that the petition was effectively uncounseled." ***Powell***, 787 A.2d at 1019 (citation omitted).

***Commonwealth v. Cherry***, 155 A.3d 1080, 1082-83 (Pa. Super. 2017)

(footnote omitted).

If counsel determines that the petitioner's claim lacks merit and pursues the latter step, as Attorney Martin did here, counsel must comply with the following procedural requirements for withdrawing as counsel:

Counsel petitioning to withdraw from PCRA representation must proceed … under … ***Turner***, and … ***Finley***, and … must review the case zealously. ***Turner/Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

> \*\*\*

> Where counsel submits a petition and no-merit letter that … satisfy the technical demands of ***Turner/Finley***, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Muzzy***, 141 A.3d 509, 510-11 (Pa. Super. 2016) (citations omitted). However, "[i]f counsel fails to satisfy the foregoing technical prerequisites of ***Turner/Finley***, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw." ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted). "Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper ***Turner/Finley*** request or an advocate's brief." ***Id.*** (citation omitted).

Here, Attorney Martin merely filed a motion to withdraw, opining — without any elaboration —that Appellant's claims lack merit. Our review of the record reveals that Attorney Martin did not submit a no-merit letter to the PCRA court, in which he detailed the nature and extent of his review of the case, listed the issues that Appellant wants to have reviewed, and explained why and how they lacked merit. In addition, it does not appear that Attorney Martin sent Appellant a copy of the no-merit letter, a copy of his motion to withdraw, and a statement advising Appellant of his right to proceed *pro se* or by new counsel.

Notwithstanding Attorney Martin's blatant non-compliance with the requirements of ***Turner/Finley***, the PCRA court permitted him to withdraw as counsel. This was clearly error.

Second, the PCRA court did not comply with Pa.R.Crim.P. 907(1), when it issued Appellant notice of its intent to dismiss his petition without an evidentiary hearing. Rule 907(1) provides:

Except as provided in Rule 909 for death penalty cases,

(1) the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, **the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal.** The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1) (emphasis added).

Here, the PCRA court's September 10, 2021 order simply stated: "[Appellant] is hereby ADVISED of his right to respond in writing to this proposed dismissal within twenty (20) days of the date of this [n]otice." Order, 9/10/21, at 1 (unpaginated; capitalization in original). Nowhere in its order does the PCRA court clearly explain that it intends to dismiss Appellant's petition, nor does it state the reasons for the dismissal. This was also clearly error.

Third, the PCRA court failed to abide by Rule 907(4), when it dismissed Appellant's petition in its February 15, 2022 order. In that order, the court stated: "[U]pon PCRA counsel's **Turner/Finley**[ ] No[-]Merit Letter[,] this [c]ourt agrees with PCRA counsel that [Appellant's] claim lacks legal merit[.] IT IS HEREBY ORDERED [Appellant] is not entitled to post-conviction relief effective today. IT IS FURTHER ORDERED [Appellant] is advised of his right

to respond in writing to this PCRA dismissal within twenty (20) days of this [o]rder." Order, 2/15/22, at 1 (unpaginated; capitalization in original).

Initially, contrary to the PCRA court's assertion, the record does not reveal that Attorney Martin filed a no-merit letter pursuant to **Turner/Finley**. Moreover, to the extent this order dismisses Appellant's petition, it does not comply with Rule 907(4). Rule 907(4) states:

> When the petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and **shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed.** The order shall be filed and served as provided in Rule 114.

Pa.R.Crim.P. 907(4) (emphasis added).

The PCRA court's order fails to advise Appellant of his right to appeal and the time limits within which the appeal must be filed, in accordance with Rule 907(4). Instead, the order inappropriately permits Appellant to file a response in writing to the dismissal of his petition within 20 days.[5] Once again, this was clearly error.

Fourth, because the PCRA court failed to advise Appellant of his appeal rights, Appellant filed a 'Request to Appeal,' asking the PCRA court to grant him the right to appeal from the court's February 15, 2022 order. While Appellant's filing a request to appeal was unnecessary, the PCRA court nevertheless granted this request, giving Appellant 30 days in which to file his

---

[5] In advising Appellant of his right to respond within 20 days, we believe the PCRA court confused the requirements of Rule 907(4) with the mandates of Rule 907(1).

notice of appeal.[6]  Despite giving Appellant 30 days to file a notice of appeal, on the next day, the PCRA court puzzlingly directed Appellant to file a Rule 1925(b) concise statement.  However, to the extent the PCRA court permitted Appellant to file a notice of appeal within 30 days, Appellant should not have been ordered to file a Rule 1925(b) concise statement until after that notice of appeal was filed.  **See** Pa.R.A.P. 1925(b) ("If the judge entering the order giving rise to the notice of appeal … desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal….").  These actions by the PCRA court were likewise error.

Given the plethora of mistakes made by the PCRA court, we conclude that a breakdown in the operations of the court has occurred.  As a result, we vacate the PCRA court's February 15, 2022 order dismissing Appellant's petition and remand this matter for the appointment of new PCRA counsel. New counsel should either file an amended PCRA petition on Appellant's behalf or comply with the **Turner/Finley** procedure set forth *supra.*  If the PCRA court subsequently intends to dismiss Appellant's petition without a hearing, it must issue a notice of its intent to dismiss the petition in accordance with

---

[6] Appellant's request to appeal was unnecessary because "[a]n order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal." Pa.R.A.P. 341(f)(1); Pa.R.Crim.P. 910 (same).  **See also** Pa.R.A.P. 341(a) ("[A]n appeal may be taken as of right from any final order of a government unit or trial court.").

Rule 907(1), explaining the reasons for the proposed dismissal and notifying Appellant that he may respond to the proposed dismissal within 20 days of the date of the notice. In the event the PCRA court ultimately dismisses Appellant's petition, it must advise Appellant of his appellate rights and the correct time limits for filing an appeal, pursuant to Rule 907(4).[7]

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/04/2023

---

[7] Appellant asks us in his brief to permit him to proceed *in forma pauperis* ("IFP") on appeal. **See** Appellant's Brief at 19 ("[Appellant] is currently at S.C.I. Dallas, a *pro se* litigant who is without the financial means to cover the coast [*sic*] associated with litigation for the above[-]captioned matter. [Appellant] respectfully prays this Honorable Court to proceed [IFP] pursuant to [Pa.R.Crim.P.] 904(g).") (unpaginated). However, the docket indicates that he is already proceeding IFP on appeal. **See** Superior Court Docket, 3/7/22 (stating that "Notice of Appeal IFP" was docketed).