J-S04045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CURTIS WILLIAMS | : | |
| | : | |
| Appellant | : | No. 2037 EDA 2021 |

Appeal from the PCRA Order Entered August 26, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005345-2015

BEFORE:  MURRAY, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED FEBRUARY 27, 2023**

Curtis Williams (Williams) appeals *pro se* from the order of the Court of Common Pleas of Philadelphia County (PCRA court) dismissing his first petition for relief filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On June 22, 2017, Williams was sentenced to life imprisonment after a jury found him guilty of first-degree murder.[1]  The facts underlying his conviction are as follows:

> On December 20, 2014, [Williams] shot and killed the decedent, Robert Andrews, in front of the decedent's home at 1600 Paul Street in Philadelphia.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502(a).

Michael Rich, the decedent's cousin, heard numerous gunshots, looked out of the window of the home located at 1600 Paul Street and observed [Williams] running with a silver and black gun. He knew [Williams] from seeing him around the neighborhood for the previous three months. [Williams] also had a distinctive limp and was wearing a black sweatshirt with the insignia "Columbia" on it, which Mr. Rich had seen [Williams] wearing earlier in the day. Rich went outside and found the decedent on the sidewalk, shot multiple times.

Approximately two weeks before the decedent's murder, Rich saw [Williams] running past his house with his distinctive limp while holding a silver and black gun.

Blanche Jackson, also a cousin of the decedent, was present at the Paul Street home when the murder occurred. She heard a gate rattle, followed by the decedent saying, "Oh, shit," followed by numerous gunshots.

Jackson looked out the bathroom window and saw [Williams] standing under a streetlight, placing a big, silver gun into his waistband before running through the alleyway. Jackson knew the Defendant from seeing him around the neighborhood.

The day after the murder, Jackson was approached by "G" who she had seen hanging with [Williams]. "G" told Jackson that she would be next if she talked to the cops.

Drayl Harrison Locke told detectives that he had known [Williams] for over five years. Two weeks before the murder, [Williams] showed Locke a silver colored .40 caliber Smith & Wesson with black grips.

Locke recanted at trial, testifying that the detectives told him what to say in his statement. It should be noted that Locke was stabbed in prison after his statement was passed around the block in the prison prior to him testifying.

Finally, Police Officer Lally testified that on December 27, 2014, he arrested [Williams] and recovered from his waistband a chrome and black .40 caliber Smith & Wesson firearm.

PCRA Court Opinion, 12/6/21, at 2-3 (quotation marks added).

After timely appealing, Williams waived his right to counsel and requested that he represent himself on appeal. After holding a *Grazier* hearing,[2] the trial court permitted him to proceed *pro se*. On appeal, Williams raised two issues. First, he argued that the Commonwealth should have been prohibited from trying him on first-degree murder charges because it did not seek the death penalty. Second, he argued that the trial court erred in denying him an evidentiary hearing on claims that a detective on his case regularly fabricated evidence and suborned perjury in other cases. On August 13, 2019, this Court affirmed the judgment of sentence. *See Commonwealth v. Williams*, No. 3690 EDA 2017, 2019 WL 3800286 (Pa. Super. 2019). Williams did not seek discretionary review in the Pennsylvania Supreme Court.

On March 4, 2020, Williams filed a *pro se* PCRA petition asserting three ineffectiveness claims. First, he alleged that trial counsel was ineffective for failing to object to the prosecutor's closing argument in which he expressed his opinion about witness credibility. The other two claims concerned the issues he raised on direct appeal. Thus, he claimed that trial counsel was ineffective for not objecting to him being tried for first-degree murder and that

---

[2] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998) (requiring on-the-record inquiry to determine whether waiver of counsel is knowing, voluntary and intelligent).

trial counsel was ineffective for not investigating the detective's prior misconduct.

PCRA counsel was appointed and on March 18, 2021, moved to withdraw after concluding that there were no issues of merit to raise after having "obtained and reviewed the *pro se* Petition, the entire quarter session file, [and] notes of testimony." Counsel also filed a **Turner/Finley**[3] "no merit" letter in which he reviewed all three of the issues raised in the *pro se* petition and explained why they lacked merit. He added that he had also conducted an independent review of the record and failed to find any meritorious issues that could be amended to the petition.

On April 29, 2021, the PCRA court issued notice of its intent to dismiss the petition under Pa.R.Crim.P. 907. Williams timely requested an extension to file a response and objections to the Rule 907 notice, which the trial court granted. Williams then requested a second extension, which the trial court granted on June 12, 2021. As his third deadline loomed, Williams requested another extension as well as the appointment of new PCRA counsel. The PCRA court, however, denied his request and on August 26, 2021, formally

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

dismissed his petition without hearing. After his petition was dismissed, Williams filed this timely appeal.[4]

In his appeal, Williams does not address and consequently does not contend that PCRA counsel's analysis regarding the issues raised in his *pro se* petition were without merit. Instead, he seems to claim that PCRA's counsel's independent review of the record was insufficient to find meritorious issues to raise because he did not try to obtain the homicide file (or "H-file") in his case before he moved to withdraw. While not identifying what information he believes would possibly be uncovered by obtaining the file, Williams still argues that counsel fell short of his obligations in thoroughly reviewing the case as required by **Turner/Finley**.

_____

[4] This Court's standard of review for an order dismissing a PCRA petition calls for us to "determine whether the ruling of the PCRA court is supported by the evidence and free of legal error. The PCRA court's factual findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Webb**, 236 A.3d 1170, 1176 (Pa. Super. 2020) (citation omitted).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. [**See** Pa.R.Crim.P. 909(B)(2).] To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

**Commonwealth v. Blakeney**, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

This Court has explained:

> Defendants have a general rule-based right to the assistance of counsel for their first PCRA Petition. Pa.R.Crim.P. 904(C); **Commonwealth v. Robinson**, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*) (stating, "a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process[ ]"). "The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims, even where those claims were previously addressed on direct appeal, so long as the petition in question is his first." **Commonwealth v. Powell**, 787 A.2d 1017, 1019 (Pa. Super. 2001) (citation omitted). "Moreover, once counsel is appointed, he [or she] must take affirmative steps to discharge his [or her] duties." **Id.**
>
> When appointed, counsel's duty is to either (1) amend the petitioner's *pro se* [p]etition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of **Turner/Finley**. "If appointed counsel fails to take either of these steps, our courts have not hesitated to find that the petition was effectively uncounseled." **Powell**, 787 A.2d at 1019 (citation omitted).

**Commonwealth v. Cherry**, 155 A.3d 1080, 1082-83 (Pa. Super. 2017)

(footnote omitted).

If counsel determines that the petitioner's claim lacks merit and pursues the latter step, then counsel must comply with these procedural requirements for withdrawing as counsel:

> Counsel petitioning to withdraw from PCRA representation must proceed ... under ... **Turner**, and ... **Finley**, and ... must review the case zealously. **Turner/Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> * * *
>
> Where counsel submits a petition and no-merit letter that ... satisfy the technical demands of *Turner/Finley*, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Muzzy*, 141 A.3d 509, 510-11 (Pa. Super. 2016) (citations omitted).

After review, we find that counsel complied with the procedural requirements of *Turner/Finley* for withdrawing from representation. Counsel submitted to the PCRA court a detailed "no merit" letter in which he outlined the nature and extent of his review of the case. In that letter, counsel stated that before moving to withdraw, he had "reviewed the *pro se* Petition, the entire quarter session file including discoverable materials, the notes of testimony from the trial and other important documents in addition to conference calls with the defendant and written correspondences." *Turner/Finley* Letter, 3/18/21, at 1. Counsel then thoroughly reviewed the three issues that Williams raised in his *pro se* petition and explained why none of those issues had any merit. Counsel contemporaneously filed a motion to withdraw in which he certified that he had sent a copy of his motion and *Turner/Finley* letter to Williams, along with a letter advising him of his right

to proceed *pro se* or obtain new counsel. ***See*** Motion to Withdraw, 3/18/21, ¶ 6.

Nothing in the record supports the claim Williams makes that PCRA counsel's review of the record was deficient or lacking in any way here. Indeed, as noted, counsel detailed how his review included not only the trial court's quarter session file but also the notes of testimony of the trial here. Williams cites no case law, nor has our independent review uncovered any, for the proposition that PCRA counsel is, per se, ineffective for failing to go beyond the record. Furthermore, as noted, Williams does not now explain what information he believes might be in the homicide file that could be beneficial to his case. Without such an allegation, we will not find that PCRA counsel was deficient in his independent review where his ***Turner/Finley*** brief details his review of the record of this matter. Thus, the first claim raised by Williams lacks merit.

Williams also claims that the PCRA court erred in dismissing his petition without a hearing under Pa.R.Crim.P. 907 before giving him an opportunity to amend his petition under Pa.R.Crim.P. 905.

Pennsylvania Rule of Criminal Procedure 905 provides:

(A) The judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time. Amendment shall be freely allowed to achieve substantial justice.

(B) When a petition for post-conviction collateral relief is defective as originally filed, the judge shall order amendment of the petition, indicate the nature of the defects, and specify the time within which an amended petition shall be filed. If the order

directing amendment is not complied with, the petition may be dismissed without a hearing.

* * *

Comment: "Defective," as used in paragraph (B), is intended to include petitions that are inadequate, insufficient, or irregular for any reason; for example, petitions that lack particularity; petitions that do not comply substantially with Rule 902; petitions that appear to be patently frivolous; petitions that do not allege facts that would support relief; petitions that raise issues the defendant did not preserve properly or were finally determined at prior proceedings.

Pa.R.Crim.P. 905(A)-(B), *Comment.* This rule provides petitioners with "a legitimate opportunity to present their claims to the PCRA court in a manner sufficient to avoid dismissal due to a correctable defect in claim pleading or presentation." ***Commonwealth v. McGill***, 832 A.2d 1014, 1024 (Pa. 2003).

Rule 905 works in conjunction with Rule 907:

The purpose behind a Rule 907 pre-dismissal notice is to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims. The response is an opportunity for a petitioner and/or his counsel to object to the dismissal and alert the PCRA court of a perceived error, permitting the court to discern the potential for amendment. The response is not itself a petition and the law still requires leave of court to submit an amended petition.

***Commonwealth v. Rykard***, 55 A.3d 1177, 1189 (Pa. Super. 2012) (citations and quotations marks omitted).

After review, we find no error in the PCRA court's dismissal of the petition without a hearing. After counsel filed his ***Turner/Finley*** letter and sent it to Williams, the PCRA court issued its Rule 907 notice agreeing that the

claims raised in the *pro se* petition were meritless. Williams was then granted two extensions in which he could file a response to object to the dismissal and alert the court about any possible errors, which, in turn, would have given the PCRA court an opportunity to determine whether leave should be given for Williams to amend the petition.

Despite the two extensions, though, Williams never responded to the Rule 907 notice to let the PCRA court know what objections he had to the notice or what amendments he wished to make to his petition. Williams fails to do the same now on appeal, declining to inform this Court what amendments to his petition he would make to avoid dismissal. Thus, because he was given ample opportunity to respond to the Rule 907 notice and seek leave to amend his petition but simply failed to do so, we find no error in the PCRA court's dismissal of his *pro se* petition without hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/2023